## Ash & Co. v. Scott *et al.*

1. **Appeal:** ERRORS IN FINDINGS : QUESTION NOT RAISED BELOW. This court cannot consider an objection that the trial court erred in failing to state separately findings of fact and conclusions of law, and in stating evidence instead of ultimate facts, when such objection was not raised below, and the court given an opportunity to correct the errors, if any.

2. **Finding of Fact:** EVIDENCE TO SUPPORT. The finding of fact by the district court that the note sued on was without consideration, *held* not to be supported by the evidence. [BECK, J., *not concurring.*

*Appeal from Creston Superior Court.*—HON. GEORGE P. WILSON, Judge.

FILED, OCTOBER 25, 1888.

ACTION on a promissory note. Trial by the court. Judgment for defendants, and plaintiffs appeal.

*D. W. Higbee*, for appellants.

*McDill & Sullivan*, for appellees.

BECK J.—I. The answer of defendant alleges that the note in suit was given as a memorandum for commissions agreed to be paid by defendants upon the sale of corn to be bought by defendants with money to be furnished them by plaintiffs ; that defendants paid the commission, and plaintiffs withdrew the money from defendants' hands in violation of the agreement under which it was loaned and the note was given. The answer also sets up a settlement and payment made pursuant thereto.

II. Counsel for plaintiffs well states the matters in controversy, in the following language : "The facts about which there is a dispute may be stated as follows : (1) Plaintiffs claim that the $5,000 advanced should

have been returned during the summer or fall of 1881, and that no agreement for an extension of time of the loan was made. Defendants say that, in the fall of 1881, plaintiffs agreed to a further extension. (2) Plaintiffs claim that defendants received all the credits to which they were entitled on account of rebates of commission. Defendants claim rebates, amounting to $439.05, while plaintiffs credited defendants with $169.43, leaving a balance of $269.62, which, defendants claim, were not allowed them. (3) Plaintiffs claim that the two hundred dollar note was given them in settlement of a recognized liability for defendants' failure to ship the 20,000 bushels of corn, bought with plaintiffs' money advanced to defendants, and consequently for a good consideration. Defendants claim that, at the time of the execution of the note, defendants were not indebted to plaintiffs, and that the note was given through fear that suit would be brought, and was without consideration. (4) There is a further claim in the testimony that plaintiffs overcharged defendants by compounding interest on the five thousand dollars in their monthly statements, and that such overcharge amounts to $19.70. On the trial this overcharge is conceded by plaintiffs." The facts found by the district court are stated in the abstract in the following language: "(1) That the defendants are entitled as a credit on account for charge of compound interest, $19.77. (2) That on the account set out in plaintiffs' amendment to petition there was an error in giving defendants credit of two hundred dollars for bills receivable. (3) That defendants are entitled to a credit of $439.05 on said account, for one-half cent a bushel as rebate on 87,810 bushels shipped to plaintiffs by defendants, for which, it was agreed by plaintiffs and defendants, defendants should be paid; and whereas defendants are credited on said account for said rebate, $169,43, they should be allowed a further credit of $269.62, which would leave a balance on account due defendants of $69.62, with 6 per cent. interest, for five years, eleven months and twenty-three days, equal to $24.98, or a

Ash & Co. v. Scott.

total of $94.60, plus $19.77, compound interest, equals $114.37,—due defendants on account. ( 4 ) That the note herein sued on was given to evidence one cent a bushel commission for twenty thousand bushels of corn, which defendants had bought with five thousand dollars advanced to them by plaintiffs, and which the plaintiffs were to sell for defendants in Chicago ; that, at the time the note was given, no part of said corn had been sold by plaintiffs ; nor has it been since sold ; nor does the evidence show that the plaintiffs have at any time demanded or requested the defendants to ship or permit plaintiffs to so sell said corn ; and that no specific time was fixed at which defendants should ship said corn to plaintiffs for sale.'' The errors assigned are all directed against the findings of the court.

III.   It is first insisted that the district court erred in failing to state separately findings of facts and conclusions of law, and in stating evidence instead of ultimate facts.   Without determining that the errors complained of do exist, we are of the opinion that plaintiffs cannot first urge them in this court.   The attention of the court below was not called to them.   Correct findings could have been readily made in the court below, had the objection been pointed out there.   It was plaintiffs' duty to give the district court an opportunity to review and correct its findings on the grounds under consideration. The plaintiffs, in presenting these objections here, ask us to decide questions not raised in the court below. This we cannot do.

1. APPEAL: errors in findings : question not raised below.

IV.   The correctness of the first finding of fact is conceded in plaintiffs' argument.

V.   It is objected by plaintiffs that the other findings of fact are not supported by the evidence.   A majority of the court are of the opinion, in which I do not concur, that this is true as to the fourth one.   In their opinion the evidence shows, without conflict, that plaintiffs advanced to defendants money with which to buy corn, on the agreement that plaintiffs were to receive eight per cent.

2. FINDING of fact : evidence to support.

interest on all the money so advanced, and one cent per bushel on all grain purchased with the money so furnished. The charge of one cent per bushel was to compensate plaintiffs for selling the grain in Chicago. In November, 1881, one of the plaintiffs visited defendants, and inspected a part of the corn which they had at that time purchased. It is claimed by defendants that, at that time, desiring to hold the corn until the next season, they arranged with plaintiffs to extend the time of payment of the money borrowed until the next season. This is denied by plaintiffs. But during the next month the defendants, in answer to a request for payment, wrote the plaintiffs that they would prefer to keep the money longer, but could not expect to do so if plaintiffs did not wish to accommodate them. They made no claim in the letter that the plaintiffs had agreed upon an extension. In February, 1882, the amount of the $5,000 loan was sent to plaintiffs. In acknowledging the receipt of this payment, plaintiffs called attention to the commissions to which they claim they were entitled on the 20,000 bushels of corn which had been purchased with money furnished by plaintiffs, but was still held in cribs by defendants. They proposed that defendants give their note for the amount of the commission, due in six months, and, if within that time defendants would ship to plaintiffs the corn, they would charge the commissions on the sale, and return the note, cancelled. This was assented to by defendants, and the note was signed and promptly forwarded to plaintiffs, without objection. The corn was not shipped, and the defendants now claim that the note was given to prevent plaintiffs from commencing suit against them. But the majority think that the evidence does not support this claim. I think there was evidence tending to support the claim, and that we therefore cannot interfere with the finding of the court. No suit had been threatened, and the relation of the parties seems to have been friendly. The majority of the court think that, as the note was given in the settlement of a claim, apparently well

founded, made by plaintiffs, and recognized by defendants, they cannot resist it now. And they base their conclusion upon the further facts that the settlement did not require plaintiffs to demand a sale of the corn. The note was to be cancelled only in the event that within six months from the time it was given the defendants should ship the corn to plaintiffs. In other words, the settlement authorized defendants to pay the note by shipping the corn within the time named. This they failed to do, and the note remained unpaid, and in the opinion of the majority is a valid obligation. In my opinion, there was evidence tending to show an agreement of plaintiffs to continue the loan, and that defendants were induced to give the note in order to protect their credit, and it was therefore, as between the parties, without consideration. In the view of the majority the judgment of the district court ought to be reversed; and it is so ordered. REVERSED.