# Burr v. Wilcox.

**I.** Per DILLON, J. (WRIGHT, Ch. J., and LOWE, J., concurring).

1. Original notice: DEFAULT. An original notice required the defendant to appear "on or before noon of the 29th day of September, 1864, being the second day of the next term of the District Court." The 29th of September was in fact the fourth day of the term: *Held*, that in the absence of a showing of prejudice, the court did not err in refusing to set aside a default granted on the day named.

II. Per COLE, J., dissenting.

2. —— The defect in the notice related to the jurisdiction, and the default being granted when the court had no authority to make such order, it should have been set aside.

*Appeal from Black Hawk District Court.*

THURSDAY, JUNE 15.

FOR facts, see opinion. Wilcox appeals.

*J. B. Powers* for the appellant.

*B. W. Poor* for the appellee.

DILLON, J. — Waiving the point, whether the errors are sufficiently assigned, we come to the main question. Did the court err in refusing to set aside the default? The facts are these: The September Term, 1864, of the Black Hawk District Court, commenced September 26th. The action was on a promissory note, signed by Smith & Wilcox.

1. ORIGINAL NOTICE: default.

The original notice on which appellant admitted service, September 15th, 1864 (more than ten days before the first day of the term), concluded thus: "Unless you appear on or before noon of *the 29th day of September, 1864, being the second day of the next term of said court,* and answer thereto, default will be entered," &c. In point of fact, the 29th was the *fourth* day of the term, instead of the *second* day.

On the 29th, a default was taken, and on the 30th, appellant moved to set it aside, because the "original notice was insufficient, in not requiring the defendant to appear on or before noon of the second day of the term, as required by law, and in not naming the *term*." This motion being overruled, defendant excepted and appeals. Appellant made no showing that he was misled. He has not pointed out in his argument how the notice in this case could have misled him. The object of the Revision (§ 2812), is well

stated by WRIGHT, Ch. J., in "*The Des Moines Branch of the State Bank* v. *Van,* 12 Iowa, 523, to which we refer. The notice is even more definite and certain than that required by statute, though it is the safer and better practice literally to follow the statute. If the default had been taken before noon of the 29th, it would have been the duty of the court to have set it aside. The majority of the court are clear that the court did not err. *Lemonds* v. *French,* 4 G. Greene, 123. The other question argued by appellant does not arise upon the record.

Affirmed.

COLE, J., *dissenting.* — I do not concur in the opinion of the majority. It appears to me that the defect in the notice relates to the jurisdiction of the court. The law has fixed the day on which the notice shall require the defendant to appear, and such day having been fixed by legislative action, cannot, in my view, be changed or varied by the party — it must be the *second* day. In matters of practice, I would extend the largest liberality of construction, and only interfere where manifest injustice has been done. But in this case the question relates to the basis of jurisdiction, and the only question is, does the law authorize it? It is not one of prejudice merely. I do not think it competent for the plaintiff to require the defendant to appear on any other day than the second day of the term, or such other day as fixed by rule of court. This notice having fixed another day, to wit, the fourth day, did not, in my opinion, justify the entering of a default, and the judgment should, therefore, be reversed.