## KNAPP, STOUT & CO. v. HAIGHT.

1. **Original notice:** DESIGNATION OF THE TERM. An original notice which requires the defendant to "appear and answer on or before noon" of a certain date, without naming the *term*, nor that such date is the second day thereof, is sufficient under section 2812 of Revision of 1860, if the date thus named is, in fact, the same as that upon which the second day of the term falls.

2. —— RULE OF DISTRICT COURT. A rule of the District Court requiring a copy of the petition to be served with the original notice, will be presumed to have been complied with, in the absence of showing to the contrary.

3. —— JURISDICTION. When a rule of court provides that the defendant shall, in addition to the service provided by the statute, also be served with a copy of the petition, it seems such service of copy is not a jurisdictional prerequisite and its omission will not entitle a party to have a default set aside where no affidavit of merits is filed.

### Appeal from Dubuque District Court.

### WEDNESDAY, JULY 31.

THE notice in this case required the defendant to "appear and answer on or before noon of the 15th day of May, 1866."

There was due service; defendant made default, which was duly entered, June 6, 1866, and on the 11th, plaintiff had judgment for something over $150.

November 14th, defendant appeared, denying an indebtedness beyond sixty dollars, and moved to set aside the default, first, because the original motion did not fix the name of the term at which defendant was to appear as required by the Revision (§ 2812); second, that defendant was not served with a copy of the petition, as required by rule of court.

This motion was overruled. Defendant excepted and appeals.

*D. E. Lyon* for the appellant.

*Griffith & Knight* for the appellee.

WRIGHT, J.—In *Burr* v. *Wilcox*, 19 Iowa, 31, the original notice required the defendant to appear " on or before noon of the 29th, etc., being the second day of the next term of the District Court." The 29th was, in fact, the 4th day of the term, and yet it was held by a majority of the court (COLE, J., dissenting) that in the absence of a showing of prejudice, the court below did not err in refusing to set aside a default granted on the day named. That case is decisive of this. For we are all of the opinion, that as the day named (the 15th of May) was, in fact, the second day of the term, and as the notice fixed the very day at which defendant was required to appear, and the one designated by the statute, the failure to name the term was not fatal. There could in such case be no prejudice—no chance for surprise. In the cases referred to by appellant's counsel (*State Bank* v. *Van*, 12 Iowa, 523, and those following), the defect was in omitting to name either the term or a definite day. They are clearly distinguishable from this.

1. ORIGINAL NOTICE: designation of the term.

As to the non-compliance with the rule of court, we only say that the rule does not require that a copy of the petition should be served with the notice, nor that any evidence of such service shall be preserved of record. The fact of service is not negatived by affidavit or otherwise. Conceding its application, therefore, to default cases (which, however, is by no means admitted), we can only presume that the rule was complied with. In the absence of some showing we cannot presume that it was violated.

2. —— rule of District Court.

Then, again, such service was not a jurisdictional prerequisite—there was no affidavit of merits, and for this reason the default should not have been set aside.

3. —— jurisdiction.

Affirmed.