PEORIA MARINE AND FIRE INSURANCE COMPANY v. DICK-
ERSON *et al.*

HOLLAND *et al.* v. SAME.

1. Statute: EFFECT OF REPEAL ON PROCEEDINGS COMMENCED: ORIGI-
NAL NOTICE. On the repeal of a statute fixing the times of holding
courts, and the enactment, instead, of one fixing different times, it is
not necessary, under section 29 of the Revision, in order to preserve
actions already commenced, that the repealing statute should con-
tain a saving clause to that effect, and parties therein, who have
been served with notice, will be held to appear at the term as
changed by the new act, without further notice.

2. —— RULE APPLIED. Defendants were notified to appear at a term
in July, which was, as the law then stood, the next term, and in
the mean time the law thus fixing the time was repealed by a
statute changing the term to October. *Held*, that defendants were
bound to appear at the October term, without additional notice.
COLE, J., dissenting.

WEDNESDAY, OCTOBER 27.

*Appeal from Polk District Court.*

DEFAULT was entered against the respective defendants
in these actions for want of appearance, and judgments
rendered thereon at the October Term, 1868, of the Dis-
trict Court of Polk county. During the same term a
motion was made by defendants, in each case, to set
aside the default and judgment rendered thereon, which
was refused. From this ruling in each case the defend-
ants appeal.

*Phillips, Gatch & Phillips* for the appellants.

*McHenry & Bently* for the appellee.

BECK, J. — The facts, presenting the single question of
law involved, are the same in each case. The notices
were served March 14, 1868, requiring defendants to

appear before noon of the second day of the term, held on the second Monday of July, 1868. By chapter 9, acts 11th general assembly, the terms of the district Court of Polk county were fixed for the first Monday of February and the second Monday of July, of each year. By chap. 127, acts 12th general assembly, which was approved April 7, 1868, and took effect July 4, 1868, the times for holding said court thereafter were changed to the fourth Monday of February, and the fourth Monday of October, of each year. No provision is contained in this last mentioned act that suits or process pending shall not be affected by the change in the terms of the court, but shall be heard and determined at the next term as therein established.

The defendants failing to appear at the October term, default was entered, and judgment rendered thereon against them. A motion, based upon the ground that defendants, by the notice, could not be required to appear at that term, was overruled in each case. The question presented for our determination is this : Were the defaults rightfully entered? Section 2811 of the Revision provides, that actions are commenced by serving the defendant with notice. Upon the service of the notices, no objection appearing to form or substance, nor to the returns, the actions were *commenced*, and were thereupon pending. These notices require the defendant to appear at the term of the court to be begun on the second Monday of July following. As the law then stood, this was the *next* term of the court, as contemplated in section 2815, and the notices were properly returnable thereto. Section 2812. The law changing the times of holding the court had not been enacted. The notices, therefore, properly required the defendants to appear at the term as fixed by law then in force. It is obvious, that, upon the service of the notice, the actions were commenced. The defend-

ants were required to appear at the *next* term of the court. Upon their failure to appear, default could properly be rendered against them.

The terms of the court, it is not denied, may be changed by the legislature. In the exercise of this undisputed power, the general assembly fixed the *next* term in October. The change had no effect upon existing actions. Section 29 of the Revision provides that the repeal of a statute does not affect any proceeding commenced under it. The defendants in the actions, which were commenced and pending, were, by the law, required to appear at the next term of the court. By the service of the notice, the commencement of the action, the court acquired jurisdiction of their persons. That jurisdiction was not taken away by the repeal of the statute fixing the terms of the court, and the enactment of another statute, providing other times for holding the court. The proceedings were in no way affected by the change.

It cannot be claimed that defendants were surprised, or that advantage was taken of them by the change

Every one must take notice of public statutes ; defendants are presumed to have been informed of the change in the terms of the court.

We do not think, in cases of change of terms of the court, in order to preserve process or proceedings pending, that express savings of such process or proceedings, in the statutes making the change, are necessary. The provisions above referred to have that effect, and such seems to be the legislative understanding of the law, for there are repeated instances of such statutes without provisions preserving pending actions and process.

We are of the opinion that the defaults in these actions were lawfully entered, and, therefore, the motions to set aside were properly overruled.

Affirmed.

COLE, J. (dissenting).—It was held by this court in the *Des Moines Br. St. Bk.* v. *Van*, 12 Iowa, 523, that, under the Revision, section 2812, the original notice must designate and fix *by name* the *term* at which the defendant is required to appear and answer; and that it is not sufficient to require the party to appear at the "next term" after service. And this, because it was "designed that a defendant should be informed clearly and upon the face of the notice, when it was,— the time at which the plaintiff demanded his appearance. Not that he might be advised vaguely and uncertainly of the term, to be made certain in his own mind by consulting counsel or the law but notified clearly and unmistakably, so that he might know, without more, when it was that his presence was required."

Now, in my opinion, if it is necessary to *name the term* in the original notice, so as to notify the defendant certainly when he is to appear without consulting the law or statute, it must be equally necessary to name the term when it can only be found by consulting the statute passed after the service; in other words, the rule should be uniform, requiring the plaintiff to name the term at which defendant must appear, and without this he cannot be entitled to a default.