ELIZABETH H. LEYNER v. GEO. P. LEYNER, Appellant.

**Husband and Wife:** EVIDENCE: STATEMENTS OF AGENT. Statements
1   of the wife made as the agent of her husband respecting the
    ownership of property are admissible in an action against her.

**Evidence:** PRIVILEGED COMMUNICATIONS. Statements of a wife not
2   made to her husband or in his presence are not privileged com-
    munications.

**Same.** Statements of a wife made as her husband's agent to his at-
3   torney are not privileged, in a subsequent action against her
    where the husband waived the privilege.

**Same.** Pleadings prepared in response to communications of the
4   wife made in her husband's behalf are not admissible against
    her unless the husband waives the privilege.

*Appeal from Polk District Court.*—HON. WM. MCHENRY,
Judge.

THURSDAY, FEBRUARY 18, 1904.

ACTION on bond to release attached property. Verdict
and judgment for plaintiff. Defendant appeals.—*Reversed.*

*Mulvaney Bros.* and *I. M. Earle* for appellant.

*John Newburn* and *C. C. Cole* for appellee.

McCLAIN, J.—The attachment in which the bond to re-
lease property was given was procured by plaintiff in a suit
for divorce against her husband, Charles E. Leyner, son of
the defendant. Plaintiff, having secured a judgment in that
action, now sues on the bond on account of the failure of the
defendant to return the released property; and the defense
is that the property, when attached, did not belong to Charles
E. Leyner, but was owned by the defendant. The title to the
property, as between the defendant and his son, depends on

an arrangement under which the son and his wife, the plaintiff, took possession of and occupied a farm belonging to defendant. As to this question, the plaintiff testified that she and her former husband went into possession of and carried on the farm, with the arrangement that the profits of the farming operations, should belong to them; while defendant testified that he was to, and did, furnish every thing necessary for carrying on the farm and affording a living to his son and family, and that the net profits should belong to him (the defendant). There is no question that the property in controversy was accumulated by the carrying on of the farming operations. On the trial, after plaintiff had testified with reference to the arrangement as she claimed it to have been between herself and husband, on the one hand, and defendant, on the other, counsel for defendant proposed to show by another witness that an employe on the farm had threatened suit against plaintiff's husband for wages, and that plaintiff had at that time consulted a lawyer, and told him that everything on the farm belonged to her husband's father (the defendant in this suit), and that her husband was simply his agent for carrying on the farm. Counsel also proposed to introduce in evidence an answer in the action brought by such employe, which had been drawn up by the lawyer in accordance with the information given to him by the present plaintiff, in which these facts were set forth, which answer had been delivered to and retained by this plaintiff. Objection was made to the introduction of this testimony on the ground that the plaintiff was, on the occasion referred to, acting as the agent or representative of her husband, and that the communication by her to the attorney was a privileged communication, and the testimony was excluded.

With reference to the first of these objections, it is sufficient to say that an agent cannot object to his own declarations being shown in evidence as against him, even though they were made by him as agent, and not in his own behalf. There is no more reason for assuming that an agent will make false statements in behalf of his principal, than that he

will make false statements in his own interest. Previous declarations of a party against interest are admissible on the theory that he cannot complain if such declarations are assumed to have been true. He is not estopped by them, but they may be taken into account as furnishing evidence with reference to the fact as to which such declarations were made. We know of no reason why this rule is not applicable to a married woman who has made statements while acting as agent for her husband. The statements which the defendant sought to prove were not made in the presence of the husband, and it is not necessary to decide whether, if so made, they would be admissible as against her. As the statements were not made by plaintiff to her husband, or in his presence, there can be no contention that they were privileged communications. As to the objection that these statements were privileged as made to an attorney, it is sufficient to say that the attorney was not the attorney of this plaintiff, but of her husband. No doubt, communications by her as her husband's agent to his attorney would be privileged as between the attorney and the husband, but in this case the husband expressly waived the privilege, and the testimony thereupon became competent. Had the husband waived the privilege also, as to the pleading prepared by the attorney in response to the plaintiff's communications made in her husband's behalf, this also would doubtless have been admissible; but, as far as the record discloses, there was no such waiver, and the action of the court in ruling out the pleading was correct.

Other errors assigned relate to questions which are not likely to arise on another trial, and they need not be considered.

For errors pointed out, the judgment of the lower court is REVERSED.