The Nichols Shepard Co. v. Peter Ringler, Frederick A. Ringler and Justin Ringler, Appellants, and S. R. Buffum, v. Peter Ringler, Frederick A. Ringler and Justin Ringler, Appellants.

**Evidence:** INTRODUCTION OF LETTERS.  A letter written in response to previous correspondence, the signature to which is identified by comparison with former letters, is receivable in evidence over the objection that no proper foundation has been laid.

**Same.** Where a witness testified that he was acquainted with a particular tract of land and that he had written the holders of the title concerning the tract and the price they held it at, a letter from them in response which was identified by the wit-

ness, in connection with his evidence, is held to have sufficiently identified the property to render the letter admissible in evidence.

**Evidence of ownership:** ADMISSIONS. The undisputed admission in a letter written by the holder of the legal title to land, that the ownership is in another and that the writer only holds a mortgage on the premises, is sufficient to fix the real ownership.

**Same.** Where the facts supporting the written admissions of a party concerning the ownership of land are peculiarly within his own knowledge and he makes no effort to explain the same, the court will not hunt for circumstances which might obviate the effect of the admission.

**Creditors' suits:** PLEADINGS: PROOF. The allegation in a petition to subject land to the satisfaction of a judgment, that one of defendants holds title as security for an indebtedness due him the amount of which is unknown, but that the equitable ownership is in another defendant who is the judgment debtor, when supported by the undenied written admission of such facts by the holder of the legal title, will authorize the relief asked.

**Tenants in common:** LIABILITY OF ONE FOR ACTS OF THE OTHER. The written statement of one tenant in common that the title held by them jointly is but security for a loan, is not binding upon the other co-tenant, in the absence of evidence to connect him therewith.

*Appeals from Dickinson District Court.*—HON. A. D. BAILIE, Judge.

TUESDAY, JULY 2, 1907.

THE Nichols-Shepard Co. recovered judgment against Peter Ringler for $1,178.60 and costs April 28, 1892, and began an action to subject a quarter section of land in the name of Frederick A. and Justin Ringler to the satisfaction thereof. S. R. Buffum obtained a judgment against Peter Ringler for $526.57 May 17, 1901, and on September 14, 1906, began a like action to subject the land to its payment. A decree was entered in each cause June 15, 1906, declaring that defendants Frederick A. and Justin hold title as security for $5,361.07, with interest at 6 per cent.

per annum, and ordered the land sold subject thereto and the proceeds be applied on said judgments. The appeals by defendants are submitted together.—*Reversed* in part; *modified* and affirmed in part.

*Charles I. Reigard* and *J. G. Myerly,* for appellants.

*V. A. Arnold* and *Francis & Owen,* for appellees.

LADD, J.— On February 24, 1906, the German Savings Bank of Davenport, Iowa, conveyed the land in controversy to Frederick A. and Justin Ringler in consideration of $4,451.10. At that time it was worth $30 or $35 per acre. Though the petition alleges how the bank acquired the land, this was put in issue by the answer, and no evidence bearing thereon was introduced. The theory of the plaintiffs is that the consideration was advanced by the grantees for the benefit of and as a loan to their brother Peter Ringler, and that, though the legal title is in the grantees, Peter Ringler is the equitable owner of the land. The conveyance was in pursuance of a letter by Frederick A. and Justin Ringler to the bank in words following: " In reply to yours of the 11th inst., we hereby request you to make out all papers you hold in connection with brother Peter Ringler, Dickinson county, Iowa, to Frederick A. Ringler and Justin Ringler, of New York. On receipt of said papers we will pay your claim." Subsequently F. A. Ringler wrote to the bank for a detailed statement. One Robertson, cashier of the Lake Park Bank, of Dickinson county, Iowa, addressed a letter to the grantees, inquiring regarding this land and the price, and on the 10th day of August, 1903, received an answer saying: " In reply to yours of the 7th inst., I wish to say that the farm that my brother Peter is living on is owned by him. We have, however, a mortgage against the farm which amounts (with interest to date) to $4,832.62.

1. EVIDENCE: introduction of letters.

We have written brother Peter that, in case he will sell, that we are willing to take first mortgage for the amount of our claim, interest at 5 per cent., payable yearly." This was signed by F. A. Ringler. The appellant insists that no proper foundation was laid for the introduction of this letter. It was in response to one addressed to the Ringlers. Robertson had been in correspondence with them before, and identified the signature by comparison with the letters previously received. It was admissible. *Lyon v. Railway Co.,* 46 Iowa, 631; *Davis v. Robinson,* 67 Iowa, 355.

The appellant further contends that there is nothing to indicate that the above letter referred to the land in controversy. After Robertson had testified that he was acquainted with this quarter section, he was asked whether he had written the letter to grantees concerning "the tract of land just described and the price they held it at," etc. "Did you write such a letter?" and answered, "Yes, sir; I wrote a letter something like that." The witness, in characterizing what he wrote, evidently referred to the matter of price and the like, and not to the land. In the absence of anything to the contrary, we think that this evidence, in connection with the letter, sufficiently identified the property.

2. SAME.

It is next urged that there was no evidence that Peter Ringler was the owner of the land, since it did not appear that he had paid anything for it, and no contract between him and the holders of the title was proven. The letter quoted contains an admission that he was the owner, and that his brothers merely held a mortgage, on which the amount mentioned was due. This, in the absence of any dispute, obviated the necessity of other proof. But appellants say that these were loose and unguarded admissions. We think them definite and certain, and entitled to credit.

3. EVIDENCE OF OWNERSHIP: admissions.

Again, it is said that there was no consideration as between Peter and his brothers, and that, as the contract

was not shown to have been written, it was within the
statute of frauds.  The details of the ar-
rangement between Peter and his brothers do
not appear; but the letter distinctly states the ultimate facts,
and, if the arrangement was not such as to support the
statements made in the letter, the knowledge of that fact
was peculiarly in possession of the defendants, and, not
having taken the trouble to explain, the court was not re-
quired to imagine circumstances which might obviate the
effect of the plain admission of the party.  The case of
*Dunn v. Zwilling,* 94 Iowa, 233, is not in point.

4. SAME.

It is urged that, as the deed was not from Peter Ringler,
it could not be regarded as a mortgage.  The terms of the
contract existing between them were not proven, and, in
view of the admission in this letter, it may
be inferred that such an arrangement existed
between them as to constitute a mortgage.  If
the petition was demurrable, as contended, it is enough that
no demurrer was filed, nor any motion in arrest of judg-
ment; so it is too late to raise that question.  See *Linden
v. Green,* 81 Iowa, 365.  However, the petition alleged
that the brothers of Peter Ringler held this land as security
for an indebtedness, the amount of which was unknown,
and that he was the equitable owner of the property.  This
was sufficient, and, though much else was stated in the peti-
tion, only enough need have been proven to justify the relief
granted.

5. CREDITORS'
   SUIT: plead-
   ings: proof.

It is next asserted that, as an admission will not operate
to pass title, the proof was inadequate.  It is not the ad-
mission, but the facts admitted, that is relied on to authorize
the relief demanded.  If Peter Ringler was owner, and de-
fendants merely mortgagees, as stated in the letter, the land
should be subjected to the payment of Peter's debts.
Counsel suggest that F. A. Ringler may have intended to
take title for the purpose of permitting Peter to buy the
land of him.  Possibly; but there is no proof of this:

They further suggest that he may have intended to allow him the advantage of any sale that might have been made. He might have had many schemes in mind, but unfortunately there is no proof of their existence. Enough is admitted, in connection with the circumstances proven, to justify the relief granted.

The most serious contention of appellants is that the letter signed by F. A. Ringler would not bind his brother Justin. And it must be held that there is nothing in the record to connect him with the writing of this letter, and, as the conveyance was to him and Frederick A. Ringler as tenants in common, the admission of the latter as to the nature of the deed, or of their relations with Peter Ringler, were not binding on Justin. Appellees argue that, as the latter was received without objection, the point cannot be raised. An objection would have been unavailing, as the letter in any event was admissible against F. A. Ringler, and, upon showing of his authority to speak for Justin, might have been received against the latter. But no such authority was shown. It is true that F. A. Ringler had written to different persons concerning the land; but no proof of his agency therein for Justin was introduced, nor is the latter connected with any of the transactions, save that both signed the letter requesting the papers when the land was conveyed to them, and both advanced the taxes. It is said that Justin did not pay any part of the consideration, and hence was but a nominal party. The conveyance was made to both in response to the letter first quoted from both, and upon payment of money both had promised. Thereafter F. A. Ringler asked for the items making up the consideration covered by his check; but this was subsequent to the delivery of the deed, and what he wrote in regard to the payment was not binding on the other tenant in common. The writing imported a consideration, and, as we discover no evidence against Justin, the decree, in so

6. TENANTS IN COMMON: liability of one for acts of the other.

far as it subjects his undivided one-half of the land to the payment of the judgments, must be reversed.

The decree, while declaring the claims of defendants but a mortgage, required the grantees to account for rents. They were not shown to have been in possession, or even to have received rents. The nearest to proof was the evidence of a witness who said he began to act as agent for them five or six years previous. If he ever rented the land, or collected any rents for them, the record does not disclose the fact; and as, under our statute, the mortgagor is entitled to possession, the court erred in crediting any amount as for rents and profits received on the indebtedness to defendants. The decree against Justin Ringler in each case is revered, and modified as to the other defendant.— *Reversed* in part; *modified* and *affirmed* in part.