T. L. KELLY, Appellant, v. AMELIA CUMMENS, Appellee.

**New trial:** EVIDENCE: REVIEW. An application for new trial after the term at which judgment was entered, based upon a denial of the original cause of action, casualty and misfortune preventing a defense, and fraud of the attorney in withdrawing defendants

appearance and answer, is triable by ordinary proceedings; and where the evidence, though in material conflict, lends substantial support to the court's ruling the appellate court will not interfere. In the instant case a denial of the application is upheld.

**Attorney and client:** PROFESSIONAL COMMUNICATIONS: WAIVER OF 2 PRIVILEGE: PUBLIC POLICY. A client who has testified to transactions between himself and his counsel has waived his right to claim that the communications were in professional confidence, when the attorney is called upon by the other side to give his version of the transaction; and such waiver is in no sense contrary to public policy.

**New trial:** GROUND THEREFOR: SUFFICIENCY. That a judgment was 3 procured through false testimony is not in itself ground for a new trial; and where the evidence in support of a petition for a new trial, after judgment of damages for selling liquor to a minor, supported a finding that such sales were made, thus entitling plaintiff to some damages, a new trial should not be granted simply because defendant's attorney withdrew his appearance and answer, the presumption being that the damages awarded were proper.

*Appeal from Allamakee District Court.*—HON. L. E. FELLOWS, Judge.

SATURDAY, JUNE 5, 1909.

THIS is a petition for a new trial of a case entitled *Cummens v. Kelley,* in which plaintiff recovered judgment against defendant for the sum of $1,000 under the civil damage act for the sale of intoxicating liquors to the plaintiff's son. The trial court denied the relief asked, and plaintiff appeals.—*Affirmed.*

*William S. Hart,* for appellant.

*D. J. Murphy,* for appellee.

DEEMER, J.—The original action was brought under the civil damage act to recover damages for the sale of

liquor to the plaintiff's (defendant's) minor son. The defendant in that suit, plaintiff here, appeared to the action by his attorney one Bulman, and filed answer. Thereafter the attorney withdrew his appearance and answer. Eight days thereafter the court rendered judgment against defendant, plaintiff here, for the sum of $1,000.00. This judgment was rendered November 23, 1905. On August 13, 1906, plaintiff here filed a petition for a new trial, in which among other things, he denied having sold any liquors to defendant's son, denied that defendant ever suffered any damages by reason of any sale made by him, and further pleaded unavoidable casualty and misfortune preventing him from appearing to and contesting defendant's action against him due to a misunderstanding between him and his attorney and to fraud practiced by said attorney upon him in withdrawing his appearance and answer. In the petition it is also claimed that the testimony upon which the original judgment was obtained was false and untrue. Issue was taken upon this petition, and, after a hearing upon the evidence adduced, the trial court dismissed the petition, and plaintiff appeals.

The trial court virtually held that a new trial should not be granted because the testimony showed that plaintiff did sell some liquor to defendant's minor son, and that there was no such casualty or misfortune shown as would justify a rehearing of the case. The testimony as to what took place between plaintiff and his attorney with reference to the defense of the original action is in conflict; but the trial court was justified in finding that Bulman, the attorney, secured postponements and continuances of the original case as often and as long as possible, and that all parties understood the case was to be tried at the November, 1905, term of court, in which it was pending; that the attorney called upon his client with reference to the taking of a deposition to be used in defense; and that Kelly

1. NEW TRIAL: evidence: review.

told him not to do so. It also appears that during the term of court this attorney notified his client that the case was for trial and tried to induce him to come to court that he might make defense; that he, the client, told the attorney that, if he could not get it put off longer, to let plaintiff in the original action have judgment; that he would not go to the county seat to defend; and that he had his property fixed so that the judgment would not harm him. Plaintiff herein had another version of the affair, but the trial court was justified in view of the conflict in rejecting this testimony and believing the attorney, and, as this is evidently the situation, we are in no position to interfere. The proceeding is at law, and the judgment must be sustained if there be substantial testimony in its support. *Kruidenier v. Shields,* 77 Iowa, 504; *Callanan v. Bank,* 84 Iowa, 8; *Lundon v. Waddick,* 98 Iowa, 478; *Ind. Dist. v. Schreiner,* 46 Iowa, 172.

Defendant called the attorney Bulman as her witness after plaintiff had gone upon the stand and given his version of the entire transaction between him and his counsel.

2. ATTORNEY AND CLIENT: professional communications: waiver of privilege: public policy.
It is now contended that the attorney was an incompetent witness under section 4608 of the Code, relating to the testimony of attorneys regarding transactions with their clients. It is enough to say that, according to all authorities, a client who goes upon the stand in an attempt to secure some advantage by reason of transactions between himself and his counsel waives his right to object to the attorney's being called by the other side to give his account of the matter. Any other rule would subject the lawyer to any kind of scurrilous and unjust attack, and convert the statute from being a mere shield into a weapon of offense. That the client in such cases waives the benefit of the statute is held in the following, among other, cases: *Denning v. Butcher,* 91 Iowa, 425; *Hunt v. Blackburn,* 128 U. S. 464 (9 Sup. Ct. 125, 32 L. Ed. 488); *Leyner*

*v. Leyner,* 123 Iowa, 185; *Knight v. People,* 192 Ill. 170 (61 N. E. 371); *People v. Patrick,* 182 N. Y. 131 (74 N. E. 843); *Olivor v. Bate,* 43 Ind. 132; *Inhabitants v. Henshaw,* 101 Mass. 193 (3 Am. Rep. 333). Such waiver is in no sense contrary to public policy. Indeed, it is in the interest of truth and justice. *Grand Rapids R. Co. v. Martin,* 41 Mich. 667 (3 N. W. 173). Bulman's testimony was clearly competent and material.

II. That the defendant 'may have procured her original judgment through false testimony is no ground in itself for granting a new trial. *Graves v. Graves,* 132

3. NEW TRIAL: grounds therefor: sufficiency.

Iowa, 199. But the trial court was justified in finding that no perjury was committed on the hearing of the original case. Not only this, but it was also justified in concluding from the testimony that plaintiff had sold defendant's minor son intoxicating liquor. This entitled plaintiff in the original action to the damages sustained thereby, which, in the absence of a showing to the contrary, will be presumed to be the amount of the original judgment. Under the rules heretofore announced, there is no such showing as would justify us in interfering with the judgment of the trial court. See, *Sitzer v. Fenzloff,* 112 Iowa, 492; *Andres & Co. v. Schleuter,* 140 Iowa, 389; *Nichols v. Ringler,* 135 Iowa, 181. Some minor matters are argued which need not, in view of the conclusions reached, be considered or determined.

The judgment must be, and it is, *affirmed.*