WESTERN FRUIT & CANDY COMPANY et al., Appellants, v. HARRY J. McFARLAND et al., Appellees.

**NEW TRIAL:** Petition for New Trial—Discretion.   Conceding, *arguendo*, that the court has a discretion in granting a new trial *on petition*, yet such discretion may not be carried to the extent of granting a new trial, in the absence of *substantial proof of the allegations of the petition.*   Evidence held wholly insufficient to establish either fraud in obtaining a default or a custom alleged to have been violated in entering the default.

**CERTIORARI:** Judgment as Adjudication.   A judgment, on certiorari, that a default had been set aside in an improper manner—without application or hearing—is no impediment to the setting aside of such default in a proper manner.

**APPEAL AND ERROR:** Law of Case.   A finding that a petition stated a cause of action is conclusive on appeal from an order setting aside a judgment by default.

**NEW TRIAL:** Fraud in Obtaining Default.   A statement by counsel, when obtaining a default, (1) that, if good cause were

thereafter shown why said judgment should be set aside, he would expect the court to set it aside, and (2) that the defendant had been dilatory, furnishes no basis for granting a new trial on petition, especially when it does not appear that the court entered the default in reliance thereon.

*Appeal from Scott District Court.*—M. F. DONEGAN, Judge.

SEPTEMBER 29, 1920.

ON the petition of the appellees, a default judgment entered against them was set aside. The holder of the canceled judgment appeals.—*Reversed.*

*Sharon, Harrison & McSwiggen,* for appellants.

*Betty & Betty* and *Isaac Petersberger,* for appellees.

SALINGER, J.—I. This is an appeal because a petition to set aside a judgment was sustained. The judgment set aside and vacated was entered on default, for want of answer.

It will be helpful to dispose of certain matters urged for and against the ruling below, before entering upon the main question. We hold that the petitioners reasonably excused having made default. We agree with the trial court that no laches or negligence on part of the applicants barred them from the relief they obtained, and that there was no laches in moving to set the default aside. We do not agree with the appellant in its claim that, because the petition asked merely that the judgment be set aside and vacated, and did not, in terms, pray for a new trial, this is ground for reversal. Appellee argues that, this being an equitable action against more than one defendant, although one defendant *might* have been in default, still there could be no default judgment as to both, jointly or severally. We think the contention rather irrelevant to the determination of the questions presented by this appeal. We may grant that

appellees had a valid defense in the cause in which judgment by default went against them.

Neither can we agree with the position of appellees that a discretion reposed in the trial court controls on this review. This is not a motion for a new trial. It is a petition which the statute provides for the time when it is too late to proceed by motion for new trial. It would be idle to cite the numerous cases which hold that the filing of such petition in a sense initiates a suit, and that whether it shall be sustained or overruled must depend wholly upon an application of the ordinary rules requiring sufficient allegation and proof thereof. As to this petition, the statute provides (Code Section 4092) that "the facts stated in the petition shall be considered as denied without answer, and tried by the court as other actions by ordinary proceedings." See *Kelly v. Cummens*, 143 Iowa 148. Granting some discretion, that will not sustain setting aside a judgment, without substantial evidence in support of the petition.

1. NEW TRIAL: petition for new trial: discretion.

It seems that this same judgment had earlier been set aside, without application or hearing. This action was annulled on certiorari. We do not agree with appellant that this annulment works an adjudication. It was not a holding that the default judgment might not be set aside at all, but that it had been set aside in an improper manner.

2. CERTIORARI: judgment as adjudication.

One avoidance attempted by the appellees is that there was no error in setting aside the judgment, because the petition upon which it rests fails to state a cause of action. As to this, the court found against the appellees, and on this appeal, that finding is the law of the case. The court expressly held that it was not prepared to sustain the assertion that said petition, "taken by itself alone, did not state a cause of action."

3. APPEAL AND ERROR: law of case.

II. The default was entered on the last day of the term.

E. M. Sharon, one of the attorneys of the party obtaining the default, applied to the court to enter same. The first charge is that this was in violation of an established custom in that court not to enter judgment by default, without notice to the adverse party.

Appellant contends the existence of the alleged custom is immaterial, because Sections 3555 and 3788 of the Code entitle him to the default judgment "on demand." We need not pass upon this contention. Whether custom be effective in the premises or not, it must be established, and shown to cover what is claimed for it. 12 Cyc. 1057. There is no evidence that such a custom existed, unless it be an inferential statement in the opinion of the trial judge which does recognize the existence of such a custom. But it is a truism to say that, on a complaint that evidence fails to sustain a finding, the fact that the finding is made furnishes no evidence in its support. Moreover, the undisputed testimony indicates that, though the judge who entered default judgment may have been aware of said custom, he elected to disregard it; for it appears, by such undisputed evidence, that the judge suggested a notification that default was being asked, and, on a protest against this, entered judgment in disregard of the alleged custom. To say the least, no concealment of the custom operated to induce the entry of judgment. Granting, then, again, that the opinion of the court affirms the existence of the custom, it is still true that its existence was not shown by any evidence in the case.

III. The evidence shows a statement by Mr. Sharon to the effect that, if good cause were thereafter shown why said judgment should be set aside, he would expect the court to exercise its right to set it aside, and that it would be its duty to do so. This surely is no ground for canceling said judgment. Surely, it is no fraud to make such a promise, not even in equity,—and this, though promisor may have had no intention, at the time, of redeeming such a promise, and never did redeem it. *Lumpkin v. Snook*, 63 Iowa 515. In like case is the fact that Mr. Sharon took

4. NEW TRIAL: fraud in obtaining default.

the position that the defendants had been dilatory, and in the habit of ignoring the orders of the court in said cause. There is not the slightest evidence of any fraudulent intent in making this statement, and it can reasonably be said that, whether it be literally a true statement or not, Mr. Sharon had reasonable cause to believe it to be true.

IV. One ground for sustaining such a petition is, "for fraud practiced in obtaining" the judgment. Code Section 4091. The petition charges that the aforesaid statements and representations by Mr. Sharon were by him known to be false when he made them, and that, in reliance upon them, the court refrained from examining the pleadings, to ascertain whether the representations were true, and that this induced it to enter the default. There is not a particle of evidence that these representations so induced the court to refrain from such examination. And there is an affidavit by Mr. Sharon, in which he says that all he said to the judge was true. The only evidence of any fraud is found in statements made in the opinion filed by the trial judge, and that opinion negatives, rather than affirms, fraud. It is therein stated it may be that Mr. Sharon "possibly felt some irritation on account of what he considered dilatory tactics and unreasonable delay practiced by defendant," and therefore "stated no more than what he felt to be the truth at the time," and further, that "the court will assume that no fraud was actually intended, but is still of opinion default was entered as the result of representations which amounted to fraud in law, so far as the rights of these defendants are concerned."

The allegation of fraud is not sustained.

What we have said foreshadows clearly our holding that, granting a discretion, it was abused, and that the petition was without substantial support in the evidence. It follows that the order appealed from must be—*Reversed.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.