KATE O. SWAN et al., Appellees, v. JAMES McGOWAN et al., Appellees; O. P. HERRICK, Appellant.

No. 40136.

JUNE 23, 1930.

REHEARING DENIED MAY 6, 1931.

Ira W. Jones, for appellees.

Garfield E. Breese, for co-appellees.

C. E. Hunn and H. S. Hunn, for appellant.

STEVENS, J.—I. This is a proceeding by petition under Section 12787 of the Code to modify or vacate a decree and judgment entered on the petition of plaintiff to foreclose a mortgage on real estate. A somewhat extended recital of the record entries is essential to a proper discussion and understanding of the questions presented for review.

On or about May 19, 1928, Kate O. Swan and others commenced this action in the district court of Cerro Gordo County to foreclose a mortgage of $18,000, with interest, on the SW¼ of Section 15-95-22. On May 10, 1928, an original notice was served upon all defendants, including O. P. Herrick, appellant herein, in which it was stated that no personal judgment was asked against him. On May 25th following, an amendment to the petition in which personal judgment was asked against appellant upon the allegation thereof that in a conveyance of the mortgaged premises by mortgagors to appellant he had assumed and agreed to pay the same was filed. On June 5th, 1928, the McGowans, appellees herein, appeared by counsel and, on September 4th, filed answer and cross-petition praying the reformation of the above mentioned deed which did not contain an assumption clause so as to make the same so read. After the filing of the amendment to the petition asking personal judgment against appellant, a second original notice in which personal judgment was asked against him was served upon appellant. The date of the return of the officer on this notice is May 19, 1928. On June 2, 1928, O. P. Herrick and wife appeared specially for the sole purpose of attacking the jurisdiction of the court upon the ground "that no legal or sufficient service of notice of the commencement of this action has been served upon the said defendants in sufficient time for the June 1928 term of this court." Nothing further was filed by appellant until September 13, 1928, when an answer was filed to the petition and amendments thereto. On the same day a motion was also filed by him to set aside an order entered on June 9, 1928, appointing a receiver to take charge of the mortgaged premises. Final judg-

ment against all parties, including a personal judgment against appellant on default was entered September 7, 1928. On November 5, 1928, appellant filed his petition to modify or vacate the order appointing a receiver and the personal judgment entered against him.

The grounds of the petition, as stated therein, briefly summarized, are as follows: (a) that the original notices of the commencement of the action were fatally defective and, because thereof, the court did not acquire jurisdiction either to appoint a receiver or to render personal judgment against appellant, or to decree foreclosure of the mortgage; (b) that by error, mistake or oversight, an entry in the judge's calendar dated August 31, 1928, noted the appearance of counsel for the defendant to the cross-petition only, whereas the direction of counsel, which was a letter to the clerk was that appearance, both to the petition and the cross-petition, be entered together with an extension of time to plead; (c) that the court did not preserve the rights of appellant by noting appropriate exceptions to adverse rulings.

The specific prayer of the petition is that

"(1) The order filed June 9th, 1928, Appointing a Receiver;

"(2) The Calendar Entry made September 4th, 1928, reading 'Service personal on O. P. Herrick as to Original Petition. Default as to him.'

"(3) The Calendar Entry made September 5th, 1928, reading 'Entry as per signed Decree.'

"(4) The Decree filed September 8th, 1928,"—be vacated.

The petition to modify or vacate the judgment was assigned and heard by the court November 17th, 1928, and on March 9th following, it was dismissed at appellant's costs. The record sets out in full many communications by letter between counsel for appellant, the clerk of the district court of Cerro Gordo County, and counsel for the respective parties to the case.

■ We will first consider the question raised in the petition as to the jurisdiction of the court to enter default and judgment against appellant.

As stated, two original notices were served upon him. The particular defect in the form of the respective notices is that neither stated the date on which the June term of the 1928

court would convene. The notices each recited that "unless you appear thereto and defend on or before noon of the second day of the next term of court, the same being the June term, 1928, the same being held at the court house, Mason City, Iowa, your default will be entered and judgment and decree rendered thereon as prayed."

The original notice last served was in reality designed to meet the requirement of Section 11140 that notice of an amendment to a petition be filed before answer be given. In addition to the alleged defect in the form of the respective notices, it is also contended that the copy of the last notice, which was delivered to appellant by the sheriff at the time of the service of the original, was not signed by either the plaintiff or counsel.

The precise question here presented as to the sufficiency of the respective notices does not appear to have previously been considered by this court. The statute, Section 11055, Code, 1927, is as follows:

"Action in a court of record shall be commenced by serving the defendant with a notice, signed by the plaintiff or his attorney, informing him of the name of the plaintiff, that a petition is, or on or before the date named therein will be, filed in the office of the clerk of the court wherein action is brought, naming it, and stating in general terms the cause or causes thereof, and if it is for money, the amount thereof, and that unless he appears thereto and defends before noon of the second day of the term at which defendant is required to appear, naming it, his default will be entered and judgment or decree rendered against him thereon."

It will be observed that the specific requirements of this statute are that the notice shall (a) be signed by the plaintiff or his attorney; (b) that it shall state the name of the plaintiff; (c) that a petition is, or will, on or before the date named in said notice, be filed in the office of the clerk of the court wherein the action is brought, *naming it,* and (d) state in general terms the cause or causes thereof; (e) if a money judgment is asked the amount thereof; and (f) that unless the party served appears and defends before noon of the *second* day of the term at which the defendant is required to appear, naming it, default and judgment will be entered against him.

Each of the notices served met every specific requirement of this statute, unless it is legally necessary that the exact date of the beginning of the term which is named and designated in the notice, be also stated therein.

Section 10777 of the Code requires the judges in each odd-numbered year in their respective districts to determine the times and places of holding courts therein during the two succeeding calendar years. The next succeeding section of the Code requires that the schedule thus agreed upon be forthwith forwarded by the district judges to the secretary of state and also to the clerk of the district court in each county of the district, whose duty it is to enter the schedule of record in the journal of the court.

By Section 10779 it is made the duty of the secretary of state, within ten days after receiving the schedule, to prepare a tabular statement of the times of holding the several courts, as fixed by the several orders filed in his office, and have 5000 copies thereof printed. The next succeeding section provides for the distribution thereof as follows: one copy to each state officer, county auditor and sheriff, two copies to each judge of the district and superior courts, ten copies each to the state library and the library of the law department of the state university; 3500 copies to the clerks of the district courts for gratuitous distribution among the attorneys of the county; and the residue are retained for distribution under the supervision of the secretary of state. Thus, full and ample provision is made by law for giving notice to all officers and attorneys of this state of the dates of the commencement of each term of the district court in the respective districts and counties of the state.

We have held in numerous cases that the original notice must designate and fix by name the term at which the defendant is required to appear and that it is not sufficient that it merely state that appearance is required at the "next term" thereof. Des Moines Branch of State Branch v. Van, 12 Iowa 523; Decatur County v. Clements, 18 Iowa 536; Knapp, Stout & Co. v. Haight, 23 Iowa 75; Van Vark v. Van Dam, 14 Iowa 232; The Jones and Magee Lumber Co. v. Boggs, 63 Iowa 589. We have also held that an original notice which does not state the place or time at which the defendant is required to appear

is fatally defective. Kitsmiller v. Kitchen, 24 Iowa 163. In Doyle v. Willcockson, 184 Iowa 757, the original notice did not state when the term would begin, nor where the hearing was to be had. We held that, for these reasons, the notice was fatally defective. We deem it unnecessary to refer specifically to the remaining cases in which the sufficiency of original notices has been discussed, but the following throw some light upon the requirements of the statute as held by this court. Boals v. Shules, 29 Iowa 507; Burr v. Wilcox, 19 Iowa 31; Peoria Marine & Fire Insurance Co. v. Dickerson, 28 Iowa 274; Farmers' Insurance Co. v. Highsmith, 44 Iowa 330; Lyman & Co. v. Bechtel & Ross, 55 Iowa 437; Fernekes & Bros. v. Case, 75 Iowa 152; De Tar v. Boone County, 34 Iowa 488.

It has long been, and continues to be, the custom of the bar of this state to include in all original notices the date on which the term at which the action is brought will commence. No doubt, it is the better practice and should be continued. The statute, however, does not in specific terms make this an absolute requirement. An original notice, which is not signed by the plaintiff or his attorney, is a nullity and does not confer jurisdiction upon the court to enter a default against the defendant. Citizens Bank v. Taylor, 201 Iowa 499; Neeley v. Town of Mapleton, 139 Iowa 582. We have also held that the omission from the copy of the notice served of a statement, or showing, that the original was signed by plaintiff or his attorneys is fatally defective. Hoitt v. Skinner, 99 Iowa 360. It is sufficient if the name of the attorney for plaintiff is affixed to the copy.

The first original notice served upon appellant was, we think, sufficient to confer jurisdiction upon the court. The omission from the original notice of the date on which the June 1928 term would convene was just as definite and certain as the provision of the statute which requires an appearance at the succeeding term without further notice, if the service has not been timely. The reason for the service of an additional notice was, obviously, to apprise appellant of the demand made in the amendment to the petition of a personal judgment against him.

The requirement of Section 11140 is that notice of an amendment to the petition filed before answer shall be given

to the defendant or his attorney. This does not contemplate that the notice there referred to shall comply with all of the formal requirements of an original notice either as to form or the manner of service. In addition to the second notice, counsel for appellant was fully advised of the filing of the amendment by letter written by plaintiff's attorney and dated August 6, 1928. The special appearance filed by appellant to challenge the jurisdiction of the court does not state which of the original notices is meant but, as the second one was not served in time for the June term, we may, perhaps, assume that this is the one referred to. However, the language of the special appearance is sufficient to include both. In any event, we reach the conclusion that the first original notice met the requirements of the statute and that the second sufficiently complied with Section 11140, which requires only that notice of the filing of an amendment before answer be given to the defendant or his attorney. Therefore, the court did acquire jurisdiction to render judgment and decree of foreclosure.

II. As already stated, personal judgment was entered against appellant on default. No appearance of record was entered for him by counsel prior to September 13, 1928, which was after the rendition of judgment against him. Testimony was introduced on behalf of the appellant upon the trial of the petition to modify or vacate the judgment for the purpose of showing diligence and good faith on the part of his attorneys. There is a sharp conflict in the testimony as to some material facts on this point.

It is conceded by all parties that the clerk of the district court of Cerro Gordo county received a letter on September 4, 1928, from appellant's attorneys regarding the entrance of their appearance in the case. Appellant introduced what purported to be a carbon copy of a letter written by his attorneys under date of August 31, 1928, requesting that their appearance be entered for appellant both as to the petition of the plaintiff and the cross-petition of the defendants James and Jessie S. McGowan. Appearance was entered, as we assume, on the judge's calendar by Honorable C. H. Kelly, one of the judges of that judicial district under date of September 4th, as follows: "C. E. and H. S. Hunn appear for O. P. Herrick on cross-petition. They may plead within ten days." Mrs. Harris, the

deputy clerk, who requested the appearance of the attorneys to be entered, denied that the letter which she received asked that appearance be entered to the petition but insisted that it referred only to the cross-petition. She further testified that she handed the letter to Judge Kelly and that he held it in his hand at the time the entry quoted above was made. The letter was immediately destroyed and could not, therefore, be presented at the time of the hearing. The stenographer for Hunn & Hunn, who signed the letter, identified the carbon copy offered in evidence and testified that the original was mailed to the clerk of the court at Mason City. The testimony of the deputy is corroborated by another employee of the clerk's office and also by a certificate signed by Judge Kelly. Whether the certificate of Judge Kelly was offered and received in evidence the record does not show. It is set out in full in appellee's amendment to the abstract and not challenged by appellant. Mrs. Harris, the deputy clerk, also testified that C. E. Hunn called her over the telephone on September 4th and requested information as to the entry made by Judge Kelly; that in response she read it to him in full from the original and informed him that she had forwarded a copy by mail. Just when the copy was received is not shown but that it reached the office of the attorneys some time before judgment was entered is conceded. Upon submission of the petition to vacate, the court deferred ruling for the purpose of giving time to counsel to file briefs. As already stated, some months later the petition was dismissed at appellant's cost. In passing upon the merits of the showing made in support of the petition, the court below exercised a broad judicial discretion, which, unless abused, will not be disturbed on appeal. Western F. & C. Co. v. McFarland, 189 Iowa 717; Farmers Exch. Bank v. Trester, 145 Iowa 665; Kelly v. Cummens, 143 Iowa 148; Callanan v. Aetna Nat. Bank of Hartford, 84 Iowa 8; Mogelberg v. Clevinger, 93 Iowa 736; Lundon v. Waddick, 98 Iowa 478.

The only ground of the statute upon which appellant could rely, under the facts disclosed, is either that there was irregularity in obtaining the judgment or unavoidable casualty or misfortune preventing him from defending the action.

First, it is urged that the special appearance filed in the case operated to suspend all further proceedings in the case until

disposition was made thereof. This is obviously not sound. The special appearance challenged jurisdiction of the court only to render judgment at the June term. Judgment was not entered until the succeeding term. This was in accordance with Section 11059 of the Code.

It is next contended by counsel that the conveyance of the mortgaged premises to appellant was, by the terms of the deed, subject only to the mortgage and that it contained nothing in the nature of an assumption clause. This contention is correct. The cross-petition of McGowans praying the reformation of the deed has never been tried but it appeared upon the trial of the petition that evidence was introduced upon the hearing before default or judgment was entered against appellant. No record was made of this testimony. The judgment was, however, entered by the same judge who heard the petition for its modification or vacation. No such irregularity, therefore, is shown as requires this court to say, as a matter of law, that the judgment must be set aside. The trial court evidently believed the testimony of the deputy and employees of the clerk's office that the carbon copy of a letter purporting to have been written by counsel to the clerk requesting that their appearance be entered, both to the petition and the cross-petition, was true, or, if not, that the testimony disclosed a lack of diligence on the part of the attorneys. On this matter wide latitude must be given to the trial court, and this, to some extent, includes the credibility of the witnesses.

III. So far as we are able to ascertain from the record, the motion to set aside the order appointing a receiver has never been submitted to, or ruled upon by, the court. The court, upon the trial of the petition to vacate, refused to hear evidence on this point. The mortgage was, however, introduced in evidence. Inspection of this document discloses that it contains no provision for the appointment of a receiver. Therefore, this court is not enlightened as to the ground upon which a receiver was appointed. Counsel for appellant sought to introduce testimony to show the value of the mortgaged premises and that the appointment of a receiver was improper. The court, as stated, refused to hear testimony on this question. The brief of appellant contains no statement of error relied upon for reversal based

upon the rulings of the court excluding testimony and we can give no consideration thereto.

We have, in the discussion of the questions presented for review, assumed, but without deciding, that all of the issues tendered by the petition are proper to be considered in the proceedings permitted under Section 12787. In addition to what has already been said, attention should be called to Section 12796 of the Code which provides that:

"The judgment shall not be vacated on motion or petition until it is adjudged there is a cause of action or defense to the action in which the judgment is rendered."

No testimony was offered on this point and the answer of appellant to the petition filed after judgment was either a denial of the allegations of the petition or that he was without sufficient knowledge or information to admit the same.

We have given the most careful consideration to all of the matters presented by counsel in their brief and argument and have reached the conclusion that the showing made for the modification or vacation of the judgment and the setting aside of the order appointing a receiver is not sufficient nor of such character as to justify this court in holding that there was an abuse by the court of its discretion.—Affirmed.

MORLING, C. J., and EVANS, FAVILLE, DE GRAFF, ALBERT, WAGNER, and GRIMM, JJ., concur.

KINDIG, J., dissents from Division one of the opinion.