## GARVIN v. CANNON.

1. **Practice:** FAILURE TO ANSWER INTERROGATORIES. A party is bound to take notice of the filing of interrogatories attached to a pleading of the adverse party, and will be in default for a failure to answer the same at the same time as for a failure to plead if any further pleading is required on his part; otherwise he will be entitled to such time as may be granted by the court.

2. ——: ——: WAIVER OF. Where interrogatories attached to an answer to which no reply was required were not answered, but the defendant proceeded to trial, and at no time called the attention of the court to the omission, it was held that he could not take advantage of it on appeal.

*Appeal from Louisa Circuit Court.*

SATURDAY, JUNE 12.

ACTION on a promissory note. The defendant pleaded a failure of consideration, and that the note was not the property of the plaintiff. Trial by jury, verdict and judgment for the plaintiff, and the defendant appeals.

*Tatlock & Wilson* and *R. H. Hanna,* for appellant.

*Newman & Blake,* for appellee.

SEEVERS, J.—I. Attached to the answer were certain interrogatories to be answered by the plaintiff. An affidavit was also filed at the same time that the subject matter **1. PRACTICE: failure to answer interrogatories.** of the interrogatories was within the personal knowledge of the plaintiff, and if the same were truly answered it would sustain the defense pleaded. Code, § 2699.

Garvin v. Cannon.

The plaintiff failed to respond to the interrogatories, and now insists that neither his attention nor the attention of the court was called thereto, and no time was fixed by the court within which they should be answered.

But we think, as the plaintiff was bound to take notice of the filing of the answer, and the interrogatories being attached thereto, he was bound to take notice of the filing of the latter.

We also think, if the answer required a reply, the interrogatories should be responded to "at the same time the pleading to which they are attached is answered or replied to." Code, § 2695. Unless the court otherwise orders, such time would have been "before noon on the day succeeding that on which the pleading is filed." Code, § 2636. The answer, however, did not require a reply, and the defendant should have asked the court for an order directing when the interrogatories should be responded to. *Hogaboom v. Price, ante,* 703.

II. The defendant did not ask that the defense pleaded "be deemed sustained and judgment given accordingly," as provided in Code, § 2699, but the cause was submitted to the jury "on the pleadings and exhibits, no evidence being offered by either party." The answer admitted the execution of the note. There are grave doubts whether the affidavit and interrogatories can be regarded as pleadings. If they are not, then it cannot be said they were submitted to the jury, and if not the pertinency of the instruction asked by the defendant would not be apparent.

2. ——: ——: waiver of.

Be this as it may, the defendant asked the court to instruct the jury to "find a verdict for the defendant." This was refused, and the jury directed to find for the "plaintiff the amount due on the note." There is nothing in the abstract which tends to show the attention of the court was called to the interrogatories, and that they had not been answered. The defendant moved the court to set aside the verdict, and enter judgment for the defendant, because,

"1. The verdict as directed is in clear violation of law.

"2. The verdict is against the evidence introduced."

And also filed another motion to set aside the verdict on the same grounds, and because,

"3. The court misdirected the jury in material matter of law.

"4. The court refused to properly instruct the jury, and

"5. The court permitted improper evidence to go to the jury to defendant's prejudice."

Both motions were overruled

In neither motion was the attention of the court directed to the interrogatories, or that they had not been answered. The fact the cause was submitted to a jury when the defendant could have obtained all the relief he was entitled to from the court, and when such relief depended wholly on a question of law, and the further fact the motions, as we think, studiously conceal the true ground upon which they were based, satisfies us the court had no knowledge interrogatories had been filed which had not been answered. If the attention of the court had in any proper manner been called to the state of the record the presumption is, and must be, the error would have been corrected, and a resort to this court rendered unnecessary.

As the appellant failed to do so, he is not entitled to relief here. Code, § 3168.

The note was not introduced in evidence to the jury, but was handed to them by counsel for the plaintiff as they retired to consider as to their verdict.

As the execution of the note had been admitted in the pleadings, this was error without prejudice.

AFFIRMED.