SHUCK v. THE CHICAGO, ROCK ISLAND & PACIFIC R'Y Co.

| 73  | 333 |
| 116 | 557 |

1. **Tender:** MUST BE WITHOUT CONDITIONS.  A tender, to be good, must be without conditions; and so an offer of a sufficient sum in settlement of one claim is not a tender, when it is made conditional upon the acceptance of an offer of an insufficient sum in settlement of another claim,—the whole sum offered not being sufficient to cover both claims, as afterwards determined by a jury.

2. **Railroads:** ACTION FOR STOCK KILLED ON TRACK: PLEADING AND PRACTICE.  In an action under Code, § 1289, for double damages for stock killed on a railroad track on account of a failure to fence, the petition did not in terms aver that the animals were running at large. *Held* that, as defendant had notice that the action was brought under the statute, and admitted all the averments of the petition except the value of the animals, and went to trial without moving for a more specific statement, the petition ought to be held sufficient after verdict.

*Appeal from Davis District Court*—HON. DELL STUART, Judge.

WEDNESDAY, DECEMBER 7.

THIS is an action for the recovery of double damages for killing and injuring certain live-stock, the property of the plaintiff, by a train of cars on the defendant's railroad. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.

*T. S. Wright* and *S. S. Carruthers*, for appellant.

*Payne & Eichelberger*, for appellee.

ROTHROCK, J.—I. The action was brought under the provisions of section 1289 of the Code, which authorizes the recovery of double damages for injury to live-stock by the operation of a railroad, where such injury occurs by reason of want of a fence at a place where the railroad company has the legal right to fence, but fails to do so. The injury complained of consisted of the killing of a colt, and an injury to a mare. The colt was killed on the 9th day of October, 1886, and the mare was injured on the 22d day of August, in the same year. The defendant admitted all of the allegations of the petition, except the amount of damages to the mare, and the value of the colt, as alleged in the petition. The further defense was made that, before the action was brought, the defendant tendered to the plaintiff the sum of $50 for the injury to the mare, and $125 for the damage suffered by defendant for killing the colt. The cause was tried on these issues, and the jury found that the colt was of the value of $125, and that the injury to the mare was $70. It was further found that no tender was made for the colt, and no tender was made for the injury to the mare.

The evidence warranted the finding that the damages amounted to the sum awarded by the jury. But the defendant insists that the evidence shows that a tender of $125 was made for the colt, and that no recovery can be had in excess of that amount for that item of damages. The evidence with reference to the tender is fully discussed by counsel in their

1. TENDER: must be without conditions.

respective arguments. It would serve no useful purpose to review the evidence here. It is sufficient to say that the jury were warranted in finding that the offer of $125 for the colt was not an unconditional tender, but that it was tendered in connection with the offer to pay $50 for the injury to the mare, and thus settle the whole loss. Indeed, we think the preponderance of the evidence is to the effect that the agent of the defendant did not offer nor intend to offer the plaintiff $125 for the colt, independent of the injury to the mare. It is scarcely necessary to say 'that this was not a tender, and we think the court correctly instructed the jury on this branch of the case.

II. The petition did not in terms allege that the mare and colt were running at large at the time of the injury and killing. Counsel for the defendant insist that such an allegation was necessary in order to allow a recovery under the statute. But the defendant was advised by the notice and affidavit of the loss and injury, which were incorporated in and made a part of the petition, that the plaintiff's cause of action was founded upon the statute. Whether it was necessary to make the affirmative averment that the stock was running at large, we need not determine. We think, as the defendant admitted all of the averments of the petition excepting the alleged value of the colt and the alleged damage to the mare, and went to trial without a motion for a more specific statement, the petition ought to be regarded as sufficient after verdict. Indeed, it does not appear that the attention of the court was called to any alleged defect in the petition, even after verdict. The record should show affirmatively that at some stage of the proceedings the very defect complained of was presented to the court, either by motion for a more specific statement, or by motion in arrest of judgment. It ought not to be masked under a mere general statement, as is done in this case.

*2. RAILROADS: action for stock killed on track: pleading and practice.*

We find no error in the record. AFFIRMED.