MARRIAGE v. WOODRUFF.

77  291
139  551

1. **Pleading:** FACTS SHOWN BY EXHIBITS. A petition must be understood as averring the facts disclosed and alleged in the exhibits attached thereto.

2. **Execution:** EXAMINATION OF DEBTOR: ARREST UPON ORDER OF REFEREE. A referee appointed by the court to examine a judgment debtor for the discovery of property in a proceeding auxiliary to execution, under section 3135 of the Code, may issue an order for the appearance of the debtor (sec. 3146), and may afterwards, under section 3148, issue a warrant for the arrest of the debtor, upon the prescribed proofs being made.

3. ———: ———: IMPRISONMENT FOR CONTEMPT : CONSTITUTIONALITY. Chapter 3 of title 18 of the Code, providing proceedings auxiliary to execution, for the purpose of discovering the property of the execution defendant, is not repugnant to the constitution, in that it provides for the imprisonment for contempt of persons disobeying the order of the court, judge or referee therein, without trial by jury. (*Eikenberry v. Edwards*, 67 Iowa, 619, *followed.*)

*Appeal from Mahaska District Court.*—Hon. J. K. Johnson, Judge.

Filed, May 10, 1889.

Action to recover damages for an alleged unlawful arrest. A demurrer to the petition was sustained, and, plaintiff refusing to further plead, judgment was entered against her.

*John O. Malcolm,* for appellant.

*Bolton & McCoy,* for appellee.

Beck, J.— I. The petition, considered with the exhibits attached thereto, alleges that one Smith was appointed by the judge of the proper district court a referee to take the examination of plaintiff as a judgment debtor in a proceeding auxiliary to execution, pursuant to chapter 3, title 18, of the Code, which requires the judgment debtor in such proceedings to submit to an examination as to his property, or the disposition thereof. It appears from the petition and exhibits that the district court entered an order appointing the referee, and requiring the plaintiff to appear and submit to examination. The petition does not allege directly that the court ordered the plaintiff to appear for examination, but the application for the warrant for the arrest of plaintiff, which is under oath, shows this fact, as also does the warrant issued by the referee. This application and warrant are made exhibits to the petition, as showing the proceedings under which plaintiff was arrested. The petition must be understood as averring the facts disclosed and alleged in these exhibits thereto. The petition further alleges the issuing of a notice by the referee for the appearance of plaintiff, and it is shown by the exhibits thereto that she failed to appear; and the application for her arrest, above referred to, was based on the ground that she was about to depart from the state, and

1. Pleading: facts shown by exhibits.

thereon a warrant was issued for her arrest, and she was arrested thereon by the defendant, to whom the warrant was delivered for service. It is alleged that the arrest was unlawful, wrongful, and malicious, and on that ground plaintiff bases her claim to recover in her petition. The demurrer to the petition is based upon the ground that the facts alleged in the petition do not entitle the plaintiff to the relief demanded, in that it fails to show that the writ and arrest were illegal, but, on the contrary, shows that both were regular.

II. The plaintiff insists that the warrant was issued without jurisdiction by the referee for, the reason

2. Execution: examination of debtor: arrest upon order of referee. that the statute does not authorize the referee to issue it, such authority being exclusively conferred upon the judge or court issuing the order for the examination of the defendant. Code, sections 3135, 3136, provides that an order for the appearance and examination of a defendant may be issued upon certain required proofs being made. Section 3137 provides that the order may be made by the court in which the judgment against the debtor was rendered, or by a judge thereof in vacation, and may require the debtor to appear and answer before the court or judge, or before a referee appointed by the court or judge for that purpose. The following additional provisions are found in the chapter of the Code authorizing the proceeding: "Sec. 3146. The order mentioned herein shall be in writing, and signed by the court or judge or referee making the same, and shall be served in the same manner as an original notice in other cases." "Sec. 3148. Upon proof to the satisfaction of the court or officer authorized to grant the order aforesaid, that there is danger that the defendant will leave the state, or that he will conceal himself, the said court or officer, instead of the order aforesaid, may issue a warrant for the arrest of the debtor, and for bringing him forthwith before the court or officer authorized to take his examination as hereinbefore provided. After being thus brought before the said court or officer, he may be examined in the same manner, and with the like

effect, as is above provided." The sections previously cited show that a referee may be appointed to take the answer of the debtor. Section 3146 provides that the referee may issue the order for appearance of the debtor, and section 3148 plainly provides that the referee, being authorized to grant the order, may issue a warrant for the arrest of the debtor upon prescribed proofs being made. These sections of the Code plainly declare that a referee appointed by the proper court or judge is authorized to issue a warrant for the arrest of the debtor upon proceedings being had which are prescribed by the statute. It is needless to refer to other sections of the Code cited by counsel for defendant in support of the decision of the court below.

III. It is insisted that, as in the proceeding authorized by the statute in question in this case, the debtor

3. ——: ——: is deprived of the right of trial by jury, it
imprison-
ment for    is in violation of article 1, section 9, of the
contempt:
constitution-  constitution of the state, which secures that
ality.       right. But the contrary was held by a
majority of the court in *Eikenberry v. Edwards*, 67 Iowa, 619. The argument of counsel for plaintiff fails to satisfy a majority of the court as at present constituted that the decision in that case ought to be overruled.

IV. Code, section 3148, above cited, directs that, in the cases contemplated, a warrant may be issued instead

4. SAME as    of the order "for the appearance of the
number 2,    debtor." Plaintiff's counsel insist that, as
above.       the order was made and served on the
plaintiff, or a notice of the making of such order was served on her, the referee was not authorized to afterwards issue the warrant; the thought being that after the issuing of the order or notice thereof the referee could do nothing to secure the attendance of the debtor if she refused to appear. But the statute cannot be so construed. In case the debtor refuses in response to the order or notice, must the referee stop proceedings, and thus permit the disobedience of the debtor to defeat the remedy prescribed by the statute? The statute surely means nothing of the kind. The referee, in case

of failure of the debtor to obey the order after service thereof, or of a notice of the making of the order, may issue another order or notice directed to the debtor. But the statute provides that "instead of the order," *i. e.*, in its place, a warrant may be issued upon a showing made as prescribed by the statute. No other questions arise in the case. In our opinion, the decision of the district court must be AFFIRMED.