Bertha Chase, Appellee, v. M. E. Wright, Thos. Ivens and
G. B. Gould, Appellants.

Judgment Against Guardian: APPEAL: *Does not abate or avoid same
for guardian's surety.* On final settlement of guardianship, the
court adjudged a balance due the ward; and, in an action against
the sureties on the bond, pending appeal, the defendants admitted
the finding against the guardian, denied its correctness, and
pleaded in abatement the pendency of such appeal. *Held* to plead
nothing which was sufficient in avoidance or abatement, and it
was proper to render a judgment against them on plaintiff's mo-
tion.

Striking Part of Answer: *Waiver of time to amend need not be made
of record.* Where defendant, on striking out a part of his answer,
waived time to amend, that the waiver was not recorded, will not
render a judgment thereon entered erroneous.

*Objection below.* Where, on striking out a part of defendant's an-
swer, he does not announce a desire to amend, nor ask leave to do
so, an objection to the judgment, because rendered on the same
day the motion to strike was sustained, cannot be urged first on
appeal.

Principal and Surety:        GUARDIAN: *Conclusiveness of judgment.*
Where, in settlement of guardian's account, he is charged with a
balance due his ward, and there is no contention that such judg-
ment was procured by fraud, collusion or mistake, it is conclusive
on the sureties in an action on the bond.

*Appeal from Sac District Court.*—Hon. S. M. Elwood,
Judge.

Wednesday, May 14, 1902.

Action upon a guardian's bond. Judgment for plain-
tiff, and defendants appeal.—*Affirmed.*

*F. F. Faville* and *C. D. Goldsmith* for appellant.

*Tait & Jackson* and *W. A. Helsell* for appellee.

WEAVER, J.—The defendant M. E. Wright was guardian of the plaintiff during her minority, and his co-defendants were the sureties upon his bond given in that capacity upon the sale of certain real estate. In the final settlement of his trust the court found and adjudged the balance in his hands due the plaintiff on the sale of said lands to be $4,099.29, and ordered payment accordingly. From that judgment Wright appealed to this court. After the appeal was taken, but before its decision, plaintiff brought this action upon the guardian's bond, seeking judgment against the sureties. To this demand the defendants answered, admitting the finding against Wright, as above stated, but denying its correctness, and also pleaded in abatement the pending of the appeal aforesaid. Upon motion of the plaintiff, the court struck from the answer all that part which pleads the appeal aforesaid, as immaterial and irrelevant matter. Afterward, upon the same day, the plaintiff moved for judgment upon the pleadings, which motion was sustained, and judgment entered accordingly. A motion for a new trial was subsequently overruled. On these several rulings errors are assigned, and appeal from said judgment was effected December 18, 1900. In January, 1901, the plaintiff made application to the court below to amend the record to show that, upon the ruling of that court striking out part of the defendant's answer, counsel for defendant anounced in open court that he had no further pleadings to file, and stated, in effect, that he wanted nothing further but an exception to the ruling against his clients. This application was sustained over defendants' objections, and the entry accordingly corrected, and from this order defendants have brought another appeal. The two appeals last mentioned are submitted together. Before either of these appeals was effected, the original judgment against Wright, which was the foundation of the suit upon the bond, was affirmed by this court on appellee's motion. (October term, 1900). In our judgment, the answer of the defendant admits evertyhing essential to

plaintiff's right of recovery on the bond, and pleaded nothing which amounted to an avoidance, and nothing which could have the effect to abate or postpone her action. The sustaining of plaintiff's motion for judgment was therefore clearly right.

As to the order correcting the record, we are not disposed to examine the question of jurisdiction in the court to make such correction. If it be a fact that counsel in open court orally waived further time for amendment to the answer, the court was fully authorized in proceeding to enter judgment, and the fact that the waiver was not entered of record would not render the judgment erroneous. It will be conceded that, upon the sustaining of the motion to strike part of the answer, defendant had until noon of the next day to amend, if he so desired. He announced no intention or desire to amend, and did not appear and ask leave to amend within the time given by the statute. No such point was made in the motion for a new trial. The trial court was given no opportunity to consider the objection now urged; nor is there anything to indicate that any such objection existed in the mind of counsel, unless the same was ambushed under the general exception taken to the judgment. Indeed, the fact that appellants had thus been prejudiced does not seem to have been discovered until after the appeal was taken, and abstract prepared, when an "additional assignment of error, $7\frac{1}{2}$," was made, and attached as a rider to the abstract. The error, if error there was, does not inhere in the judgment. The court was acting within its jurisdiction, and the pleadings, as they stood, entitled the plaintiff to recover. The objection, being made for the first time in this court, cannot be sustained, and it is unnecessary for us to decide the question raised as to the jurisdiction of the district court to correct its own record. *Hinkle v. Saddler,* 97 Iowa, 526; *Land Co. v. Heilman,* 80 Iowa, 477; *Shuck v. Railway Co.,* 73 Iowa, 333; *Patterson v. Stiles,* 6 Iowa, 54; *Ross v. Insurance Co.,* 93 Iowa, 222.

It is hard to resist the conclusion, from an inspection of the entire record, that the appeals now before us are made to serve the purposes of delay only. The judgment against the principal upon the bond was rendered below in February, 1900, and, as we have already mentioned, was affirmed in this court before the present appeals were perfected. There is no pretense or allegation on the part of the sureties that said judgment was procured by any fraud or any collusion between their principal and plaintiff, nor is there any mistake pleaded. Under such circumstances, the adjudication of the amount due from Wright to plaintiff is conclusive and binding against his sureties in an action upon his bond, and this appeal, even though the assignments of error were technically well taken, serves no valuable purpose. *Charles v. Hoskins,* 14 Iowa, 471.

The judgment of the district court is AFFIRMED.