T. W. McCrary, Treasurer of Calhoun County, Appellant, v. The Lake City Electric Light Co.

**Taxation:** collection by action: sufficiency of petition. A petition in an action at law pursuant to chapter 62, Acts 32nd General Assembly, for the collecting of delinquent taxes, which states the years for which the tax is claimed, the amount due including interest, as shown by the records in the treasurer's office, a copy of which is attached to and made a part of the petition, which exhibit gives the name of defendant and value of the personalty, is not subject to a motion for a more specific statement of the nature of the tax claimed.

**Pleading:** more specific statement: appeal. While considerable discretion in passing upon a motion for a more specific statement is lodged in the trial court, still where a pleading states all that the law requires of the pleader and he is mistakenly required to plead further, he may appeal from the order rather than amend; and his action in doing so is not a matter of which the other party can complain.

*Appeal from Calhoun District Court.*— Hon. F. M. Powers, Judge.

Tuesday, October 20, 1908.

Action at law to recover delinquent taxes. The defendant filed a motion asking that the petition be made more specific which motion was sustained, and, the plaintiff electing to stand on his petition, it was dismissed, and judgment rendered against him for costs. He appeals.— *Reversed.*

*I. E. Dougherty* and *Brown McCrary,* for appellant.

*Hutchinson & Jacobs,* for appellee.

Sherwin, J.— The petition was in several counts, each of which alleged substantially the same cause of action, but for different years. The allegations of the several counts were in substance as follows: That during the years stated the amount of taxes due from the defendant, including interest, penalty, and costs as shown by the tax record in the treasurer's office of Calhoun county, Iowa, " a copy of said record being hereto attached." The copies thus referred to were marked as exhibits, and made a part of the petition. The defendant moved the court to require the plaintiff to make his petition more specific in this: " Let him state whether the taxes for which judgment is asked are taxes due on personal property or taxes due on real property."

The issue presented for our determination is a narrow one, and relates only to a question of pleading. The appellant contends that the petition considered as a whole was

1. Taxation: collection by action: sufficiency of petition.

sufficiently definite and certain to advise the defendant that the suit was to recover taxes due on personal property, while the defendant is equally as insistent that the petition was insufficient in that respect, and that, even if it were sufficient, the plaintiff was not prejudiced by the ruling on the motion because he could easily have amended his petition and complied with the court's ruling. It may be conceded that good pleading requires that all material allegations shall be made with such definiteness and certainty as to leave no room for doubt as to the exact matters pleaded, but, while this is true, the rule in this state is that a pleading is sufficiently certain if it advises the opposite party of the exact claim made in the pleading. Section 3559, Code, provides that the petition shall contain " a statement of the facts constituting the plaintiff's cause of action "; and section 3630 provides that, " when the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or offense is not apparent, the court may on motion require it to be made more definite and certain." It will be noticed that the petition stated, in ef-

fect, that the action was based on the tax record in the treasurer's office, and set out a copy of such record. The record so set out and made a part of the petition by reference was in the following form:

| Name. | Value of Personalty. |
|-------|----------------------|
| Lake City Electric Light Company. | |
| | [Giving the amount and stating the year.] |

Prior to the enactment of chapter 62, Acts 32d General Assembly, it was held in several cases decided by this court that the treasurer could not maintain an action at law against the owner of property to recover taxes, and to meet these decisions of the court, the Thirty-Second General Assembly passed the act referred to, and provided therein as follows: " In addition to all other remedies and proceedings now provided by law for the collection of taxes on the personal property, the county treasurer is hereby authorized to bring or cause an ordinary suit at law to be commenced and prosecuted in his name, for the use and benefit of the county, for the collection of taxes from any person, persons, firm, or corporation as shown by the tax list in his office, and the same shall be in all respects commenced, tried and prosecuted to final judgment the same as provided by the Code for ordinary actions." The appellant, to sustain his position, relies largely upon sections 1390 and 1406 of the Code; but in our judgment they furnish no justification for laxity in pleading. The former section relates solely to the collection of taxes in the ordinary way, and the latter refers only to their collection by distress and sale. Neither of the sections has anything to do with a suit which shall be commenced and prosecuted under the provisions of chapter 62, Acts 32d General Assembly, to which we have already referred. But, notwithstanding this, we think the petition as a whole was sufficient

to entitle the plaintiff to maintain the action under the provisions of the act of the 32d General Assembly. No one could read the petition and the exhibits attached thereto without understanding that the suit was to recover taxes due on personal property, because the petition alleged that the suit was based on the tax record, and further alleged, in effect, that the tax record showed the taxes to be due on personal property, and this was clearly all that the defendant was entitled to know, and all that he could have been advised of had the petition been made more specific.

In *Marriage v. Woodruff*, 77 Iowa, 291, the action was to recover damages for an alleged unlawful arrest. It appeared from the petition and exhibits in that case that the district court entered an order appointing a referee, and requiring the plaintiff to appear and submit to an examination. The petition did not directly allege that the court ordered the plaintiff to appear for examination, but the application for a warrant for the arrest of plaintiff and the warrant issued by the referee both showed that to be the fact. The application and the warrant were made exhibits to the petition as showing the proceedings under which the plaintiff was arrested. The court held that the petition under those circumstances must be understood as averring the facts disclosed in those exhibits. The case is clearly an authority for holding in the instant case that the petition was sufficiently specific, and that the motion for a more specific statement was improperly sustained.

It is undoubtedly true that the trial court has some discretion in ruling upon such motions, but, where it is clearly apparent that the ruling was erroneous, an appellate court will not hesitate to correct the same. It is also true that this appeal might have been avoided by an amendment complying with the order of the court, but, if the plaintiff's petition was sufficiently definite and certain, the defendant cannot now claim with any grace that the plaintiff should not be heard to com-

**2. PLEADING:** more specific statement: appeal.

plain on this appeal. The plaintiff had done all that the law required of him, and, if the appeal became necessary because of the action of the defendant and the mistake of the court, he certainly should not be blamed for prosecuting his appeal and for seeking to relieve himself of costs which were unjustly taxed against him.

There was error in the ruling of the trial court, and the judgment must be, and it is, *reversed*.