BARBER ASPHALT PAVING COMPANY, Appellant, v. STAND-
ARD FIRE INSURANCE COMPANY, Appellee.

**Trial:** ASSIGNMENT OF CAUSE NOT AT ISSUE. While there is no statute
expressly providing that cases shall not be peremptorily assigned
for trial before issue has been joined, such is the fair inference to
be drawn from the statutes providing for the filing of trial
notices and the assignment of trial causes.

**Same:** DISMISSAL OF ACTION: REINSTATEMENT. Where a cause was
assigned for trial by the court before issue had been joined and
dismissed for want of prosecution, the plaintiff, under the record
in this case, was entitled to have the dismissal set aside and
the cause reinstated on motion at the same term, and he was
not confined to the usual motion for a continuance.

*Appeal from Lee District Court.*—HON. W. S. HAMILTON,
Judge.

FRIDAY, OCTOBER 25, 1912.

ACTION at law upon a policy of fire insurance. The
case having been assigned for trial, and plaintiff not ap-
pearing on the date so fixed, a dismissal was ordered
and a judgment entered for costs. Thereafter plaintiff
moved to reinstate the case, making a showing of merits
and of circumstances explaining and excusing its failure
to appear on the day assigned. Motion overruled, and
plaintiff appeals.—*Reversed.*

*Read & Read,* for appellant.

*William C. Howell,* for appellee.

WEAVER, J.—The policy in suit was issued October

15, 1908, and while it was still in force it is alleged that the insured property was destroyed or injured by fire. Attempts at adjustment of the claim having failed, plaintiff began this action in the district court of Lee county, being represented therein by Read & Read, its counsel at Des Moines, Iowa. The petition was filed July 21, 1909. On December 17, 1910, a motion for more specific statement of the alleged cause of action was sustained, and in response thereto an amendment was filed March 13, 1911. This amendment was assailed by another motion, which was sustained April 3, 1911. On May 29, 1911, another amendment was filed to meet the ruling of the court. The defendant then moved to dismiss the action. The motion was overruled. On June 12, 1911, plaintiff's counsel not being present in court, and having no notice or knowledge of the order, and the defendant not having answered or taken issue upon the petition, the court set the cause for trial on June 16, 1911. On June 13, 1911, the defendant filed an answer, and on June 14th a copy thereof was mailed by the clerk to Read & Read at Des Moines. On June 20, 1911, the case was called for trial and, plaintiff not appearing, the dismissal was entered, as already noted. It further appears that the copy of the answer mailed to Read & Read reached them on the 15th. On June 14th the clerk sent notice of the order of assignment to said counsel, which was received at Des Moines on June 16th. They at once replied, calling the court's attention to the fact that the cause was not at issue when set for trial, and that the answer raised controversy upon points which would require the taking of evidence in the states of Illinois, New York, and Connecticut, and that it was impossible for them to go on with the trial at that time, for which reasons they asked that the time for trial be fixed for the next ensuing term. To this no response seems to have been made, and when the case was reached in the order

of its assignment the dismissal followed.    During the same term, plaintiff's counsel appeared and moved to set aside the dismissal and reinstate the case, setting up in support thereof the foregoing facts.   The question we have to consider is whether the trial court erred in denying this motion for reinstatement.

We have very little hesitation in holding that the motion should have been sustained.   It is true that the proceedings appear to have been unnecessarily delayed in bringing the controversy to an issue, and if the court had taken heroic measures to clear it from the docket there would be little cause of complaint; but the responsibility for such delay rests in part, at least, upon the defendant, which appears to have exercised a very fertile ingenuity in presenting successive motions which postponed the necessity of an answer.    But the question where the responsibility lies for the slow rate of progress is not material here; for defendant did finally answer, and within a week thereafter the plaintiff was dismissed out of court, not because of negligence prior to the answer, but because of its failure to appear for trial.    If there was any proper or sufficient excuse for that one failure, then the case should have been reinstated.

While there is no statute expressly providing that cases shall not be peremptorily assigned for trial before issue joined, such is, we think, the reasonable implication.    In the first place, the provision for notice of trial by which either party may insist upon the cause being tried, save where cause is shown for granting further time, is applicable only to cases once continued, and in which an answer has been filed.    Code, section 3658.    In the next place, the authority given the court in section 3659 is to make an assignment of "trial causes," and it is a fair construction of the language to say that a cause is not a "trial cause" until there is an issue presented to be tried by the court or jury.

We are of the opinion that the order entered in this case before issue joined, setting it down for trial at an early date, was not within the court's proper discretion,

2. SAME: dis-missal of action: rein-statement.

especially where such order was made in the absence and without consent of the plaintiff. Moreover, it is the policy of the law to encourage and permit cases to be heard and decided upon their merits, in absence of fault on the part of the litigant against whom a supposed technical advantage is pressed for the defeat of such a hearing; and we are disposed to say that this case is one clearly calling for the application of the rule. We think counsel can not be fairly charged with negligence in the matter. When advised of the premature assignment of the cause for trial, they promptly called the court's attention to the situation and to the necessity for time to prepare for trial; and, in the absence of any further notice of an intention to insist upon the assignment irregularly ordered, we can not say that they were derelict in assuming that no advantage would be taken or allowed on account thereof. Plaintiff's counsel moved with promptness on learning of the dismissal, and applied for the vacation of the order before the expiration of the term. No case cited to us on either side involves a precisely similar state of facts, and none which, on principle, is inconsistent with the conclusion here announced. It is said for the appellee that plaintiff should have presented a formal motion for continuance. Knowledge of the order of assignment was not communicated to plaintiff's counsel—at least, did not reach them—until the very day for which it had been assigned. That communication was from the clerk by direction of the court, and it was both natural and proper that response thereto should be returned to the court through the same officer. It was in effect an objection to the order of assignment for the reasons stated, and, as we have already said, it was an objection which should have

been sustained. Had the assignment been made after the issue joined, plaintiff might well have been held to make formal showing for continuance; but that is not the situation with which we are now confronted.

It is unnecessary to dwell further upon the facts, which are few and undisputed. We hold that the motion made for a vacation of the order of dismissal should have been sustained, and the judgment below must therefore be reversed, and cause remanded for further proceedings not inconsistent with this opinion.—*Reversed.*