HUGO C. VOGT, Administrator of the Estate of John McPeck, Deceased, Appellee, v. THE CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY, Appellant.

**Appeal:** REVIEWABLE ASSIGNMENTS OF ERROR. The appellate court will 1 not pass upon assignments of error in a law action, upon which the trial court has not had an opportunity to rule.

**Same:** DIRECTION OF VERDICT: WAIVER OF MOTION: SUFFICIENCY OF 2 EVIDENCE: REVIEW. By the introduction of evidence after a motion for a directed verdict at the close of plaintiff's case for insufficiency of the evidence, the defendant waives any error in the ruling upon the motion: and unless the question is again properly raised during the trial the sufficiency of the evidence to support the verdict will not be reviewed on appeal.

*Appeal from Scott District Court.*—HON. A. P. BARKER, Judge.

WEDNESDAY, FEBRUARY 18, 1914.

ACTION for damages for personal injury resulting from negligence. From a verdict and judgment for plaintiff, the defendant appeals.—*Dismissed.*

*Cook & Balluff, F. W. Sargent,* and *Robt. J. Bannister,* for appellant.

*Henry H. Jedens, Frank Cooper,* and *Bollinger & Block,* for appellee.

WITHROW, J.—Defendant brings this appeal from a judgment against it on a verdict in an action for personal injuries, based upon negligence.

The assignments of error are seven in number, the first four relating to instructions submitting to the jury the question of negligence, the next two upon the question of contributory negligence, and the last one in submitting the question of defendant's negligence and the plaintiff's freedom from contributory negligence.

It is the claim of the appellant that the evidence was insufficient to support a finding of negligence and freedom from contributory negligence. These questions and no others are covered by the assignments of error.

On the part of the appellee it is claimed that the record is such that the appellant has not the right to a review of these question on this appeal.

Upon the conclusion of plaintiff's evidence in chief, the defendant moved for a directed verdict, urging that there was no showing of negligence on its part, and also that it affirmatively appeared that the plaintiff at the time of the accident was not exercising due care. The motion was overruled, and defendant excepted. Following this, evidence on the part of the defendant was presented, upon the conclusion of which the court instructed the jury, the defendant excepting to all instructions, and verdict was later returned. No motion or exception challenging the sufficiency of the evidence to warrant a verdict against the defendant was presented at the close of all the evidence, nor was there any motion for a new trial.

I.   It is the claim of the appellee that this court can only review on appeal those questions which were presented to the trial court, and which were ruled upon by it and excepted to.

1. APPEAL: reviewable assignments of error. The right of this court in considering appeals in actions at law is to pass upon the questions of error only; and it has been held under the statute in many cases, and never to the contrary, that it will

not consider as allegations of error matters upon which the trial court had not first had the opportunity to rule. Code, section 4105; *Smith v. Warren Co.,* 49 Iowa, 336; *Ash v. Scott,* 76 Iowa, 27; *Reynolds v. Insurance Co.,* 80 Iowa, 563.

In *Shulte v. Railway,* 124 Iowa, 191, this court held that a question as to the sufficiency of the evidence to support a verdict must be presented to the trial court on a motion for new trial, and cannot be first raised in the Appellate Court. In noticing this case counsel for appellant urges that under the rules of practice which governed at the time of the trial of this cause in the lower court, by preserving exceptions to the instructions when given, the record was sufficiently made to give to it the right to have considered on appeal errors in the instructions thus excepted to, and this without presenting a motion for a new trial, citing *Scott v. C., R. I. & P. Ry.,* 160 Iowa, 306. The rule as there generally stated is correct; but included in it is the necessary provision that the trial court must first have passed upon the question presented. In the cited case is used this language: ''That any matter passed upon by the trial court during the trial, properly excepted to, may be reviewed by this court, without motion for a new trial.'' The question arising in that case, and in the cases cited by appellant in support of the rule as claimed by it, related not to a state of the record involving the question of its sufficiency to sustain a verdict, but to matters arising upon the trial where rulings had been made and exceptions preserved.

In the present case the criticized instructions relate only to the propositions of negligence and contributory negligence. It was the duty of the trial court in submitting the case to present such questions fully to the jury, and it did so. There had been no challenge of its right or duty to submit the questions of fact for a finding, save in the motion to direct a verdict made by the appellant at the close of the plaintiff's evidence. By proceeding to introduce evidence in defense

2. SAME: direction of verdict: waiver of motion: sufficiency of evidence: review.

after an adverse ruling on the motion to direct a verdict, the error, if any, was waived. The question was not again raised during the trial; and it cannot be held that the trial court committed error in not directing a verdict for the defendant on its own motion without being requested to so do.

Clearly then it must be held that the question of the sufficiency of the evidence to sustain the verdict cannot be considered upon this appeal, unless it shall be that the manner. in which it is raised—by a challenge of the instructions—place it outside of the rule. But we are of opinion that it does not do so. Did the criticized instructions relate to matters not covering the whole fact record, but to questions properly raised and ruled upon during the trial, a different question would arise; but, when they relate only to the sufficiency of the facts to warrant a verdict, and no other basis can be found upon which to criticize the instructions which were given, we are clear that, before this court can consider such alleged errors on appeal, it must appear that the trial court, by motion or otherwise, was called upon to consider that question. This the record fails to show.

The appeal is *dismissed.*

LADD, C. J., and DEEMER, EVANS, PRESTON, WEAVER, and GAYNOR, JJ., concur.