HARRY BAFF, Appellee, v. WALLER & WALLER et al., Appellants.

**JUDGES: Powers, etc.—Proceedings at Chambers—Jurisdiction.** A
1  district *judge*, sitting at chambers in one county, has no jurisdiction to set aside an order of the district *court* of another county. So held as to an order setting aside the dismissal of an action.

**APPEAL AND ERROR: Review, Scope of—Void Presentation.**
2  The appellate court will not review the merits of an application to set aside the dismissal of an action when said application has never been legally presented to the proper district court.

*Appeal from Floyd District Court.*—M. F. EDWARDS, Judge.

DECEMBER 10, 1917.

APPEAL from an order of the district judge, made at chambers in another county, vacating and setting aside a judgment dismissing a cause of action for want of prosecution.—*Annulled.*

*F. & F. M. Lingenfelder,* for appellant.

*J. H. Lloyd,* for appellee.

STEVENS, J.—On November 18, 1915,
1. JUDGES:     plaintiff filed a petition in the above cause
powers, etc.:
proceedings at  in the office of the clerk of the district court
chambers:
jurisdiction.    of Floyd County, signed by H. L. Lockwood,
an attorney residing at Forest City, and
Edwin S. McCrary, an attorney residing at Kansas City, Missouri. At the January, 1916, term of said court, counsel appeared for the defendant and filed motion to require plain-

tiff to give security for the costs, which motion was never called to its attention or passed upon by the court. At the March, 1916, term, H. L. Lockwood withdrew his appearance as attorney for plaintiff, and, upon the oral motion of counsel for defendant, said cause was by the court dismissed with prejudice, for want of prosecution.

It is claimed by counsel for appellee that, on June 19, 1916, he appeared at the office of the clerk of the district court of Floyd County, and tendered a cash cost bond in the sum of $100, at which time he was informed by the clerk that said cause had been dismissed. On June 26, 1916, the attorneys for the respective parties submitted a motion on application of plaintiff, and the resistance and objections thereto of defendant, to Judge Edwards (who presided, when the judgment of dismissal was entered) at chambers at Parkersburg in Butler County. The record herein does not disclose whether said application and resistance and objections thereto were filed in the office of the clerk of the district court of Floyd County before or after the submission thereof to Judge Edwards, but same were filed before the adjournment of the March term of court. The record, however, does disclose that the hearing at Parkersburg before the district judge was upon 3 days' notice given by counsel for plaintiff to the defendant, upon the order of said district judge setting said application down for hearing at Parkersburg upon proof of service of such notice. Attached to plaintiff's application or motion for the reinstatement of said cause are several affidavits; and the objections or resistance of defendant thereto, which are numerous, were also supported by affidavits.

On August 5, 1916, the district judge caused his finding and order sustaining said motion to be filed in the office of the clerk of the district court of Floyd County, the material part of which is as follows:

"The plaintiff now by his counsel, J. H. Lloyd, files an

application to set aside such order and to have said cause reinstated upon the court docket. Defendants appear by their counsel, F. & F. M. Lingenfelder, and file herein their objections to the above-mentioned application to reinstate said cause. Upon notice, said cause is set down for hearing at chambers at Parkersburg, Iowa, June 26, 1916, and at said time and place counsel representing the parties appear, and a hearing is had on said motion and the objections filed thereto and the matter submitted to the court, and by agreement was taken under advisement by the court. * * * It is therefore ordered that the entry of dismissal of said cause, as hereinabove set out, is annulled and set aside, and said cause reinstated on the court docket as prayed in the application of the plaintiff, all on condition that plaintiff at once file with the clerk a cost bond in the sum of $100, with sureties to be approved by the clerk of said court, to all of which the defendants except."

The March, 1916, term of the district court of Floyd County did not finally adjourn until August 19th. This appeal was taken from the order of the district judge before the adjournment thereof. It is the contention of counsel for appellant that the order of the district judge vacating and setting aside said judgment of dismissal was without jurisdiction and void, and also that same should have been overruled on the merits.

Authority is conferred upon the court, by Section 243 of the Code, to amend or expunge any entry made during the term at which it is made, or before the same is signed by the judge. As above stated, the judgment of dismissal was entered by the district court, but the order vacating the same and reinstating the cause for trial was made by the district judge sitting in chambers at Parkersburg in Butler County.

It was held in *Whitlock v. Wade*, 117 Iowa 153, that the district judge did not, in vacation, and while sitting in

another county, possess the power to vacate, modify or suspend a judgment or order of the court, except by agreement of the parties or of counsel, under Section 319 of the Code. No such agreement is shown in this case. To the same effect see *Williams v. Dean,* 134 Iowa 216. It therefore follows that the order made by the district judge was without jurisdiction, and same must be annulled and set aside. We have, however, held—and this is conceded by counsel for appellant—that the district court has authority, after the term at which the judgment of dismissal was entered, upon notice, to vacate or annul a judgment of dismissal upon a sufficient showing therefor. *Owen v. Smith,* 155 Iowa 463; *Des Moines Union R. Co. v. District Court,* 170 Iowa 568; *Loos v. Callender Savings Bank,* 174 Iowa 577; *Williams v. Dean,* supra. Notice, however, may be waived by agreement or by the voluntary appearance of the adverse party thereto, and by answering to the merits. *Des Moines Union R. Co. v. District Court,* supra.

2. APPEAL AND ERROR: review, scope of: void presentation.    Counsel have argued upon this appeal the merits of plaintiff's application to set aside the judgment of dismissal, and for reinstatement; but, as the order of the district judge made herein was void for want of jurisdiction, and the application has not yet been passed upon by the district court upon the merits, we cannot pass thereon at this time. The order of the district judge vacating and setting aside the judgment of dismissal is annulled, and this cause is remanded for disposition by the court, the same as though no submission thereof had been had to the district judge at chambers, and no order entered therein.— *Annulled.*

GAYNOR, C. J., WEAVER and PRESTON, JJ., concur.