SETH SEIDERS, INCORPORATED, Appellee, v. ADEL CLAY PRODUCTS COMPANY, Appellant.

No. 42382.

JUNE 23, 1934.

White & Clarke, for appellant.

Curtis W. Gregory, for appellee.

DONEGAN, J.— ██ This is an appeal from an order of the district court of Dallas county vacating a judgment of dismissal and reinstating the case on the calendar. In January, 1930, plaintiff, a corporation, commenced its action against the defendant for an amount claimed due under a written contract. Defendant filed answer and the cause was at issue. On March 28, 1932, the court on its own motion entered the following order: "Case is dismissed under the rules, without prejudice, and judgment against the plaintiff for costs." On December 24, 1932, the plaintiff filed its petition to set aside the order and judgment and to reinstate the cause, and upon hearing the petition was granted. From the order setting aside the judgment and reinstating the cause, the defendant appeals.

The first ground of error relied upon by appellant is that the court erred in sustaining the application to set aside the judgment, because such application was not filed within the time fixed by statute. Code 1931, section 12791. It is undisputed that the petition filed by the plaintiff to set aside the judgment and reinstate the case was not filed until two terms of court had elapsed after the entry of the judgment of dismissal. Appellant contends that, notwithstanding the designation of the plaintiff's pleading as a "Petition to Set Aside Order and Judgment of Court," this petition is nothing more than a motion; that the application was not on the ground of newly discovered evidence or on any ground which would excuse him from compliance with the statute; and that, under the statute, such motion must be made on or before the second day of the succeeding term. We think appellant is in error in assuming that the petition in this case is made to vacate a judgment or order because of irregularity in obtaining it. It is true that under section 12787 mistake or irregularity in obtaining a judgment is one ground upon which such judgment may be set aside, and it is further true that under section 12791 the application to vacate a judgment or order because of irregularity in obtaining it must be by motion, made on or before the second day of the succeeding term. Section 12787, however, contains a further provision that a judgment or

final order may be vacated or modified and a new trial granted "for unavoidable casualty or misfortune preventing the party from prosecuting or defending;" and section 12792 provides that:

"The application based upon the other grounds (other than motion to vacate for mistake or irregularity) shall be by verified petition setting forth the judgment or order, the alleged facts or errors constituting a cause to vacate or modify it, and the matters constituting a defense to the action, if the party applying was a defendant."

We think the allegations contained in the petition to set aside order and judgment of court, which was filed by the plaintiff in this case, bring it within the provision having reference to setting aside a judgment for unavoidable casualty or misfortune preventing the party from prosecuting or defending, and that the petition was properly designated and was filed within the time required by statute. First National Bank v. Federal Reserve Bank, 210 Iowa 521, 231 N. W. 453, 69 A. L. R. 1329, and cases cited.

It is also contended by appellant that the court erred in sustaining the application, because there was no showing of any legal excuse for appellee's failure to file his application within the time limited by law. As we have already found that the application was filed within the time provided by law, it is not necessary that any further consideration be given to this contention of the appellant.

Appellant further contends that the court erred in sustaining the petition of appellee, because the statute makes no provision under which appellee is given the right to set aside a judgment in the manner sought in this case. Appellant argues that there is no showing of any reason excusing the delay of appellee in making his application. Appellee's petition to set aside the judgment not only stated facts which would bring it within the provisions for setting aside a judgment because of unavoidable casualty or misfortune, but, on the hearing, appellee presented evidence in support of such statements of the petition. There was a hearing by the trial court upon the petition, evidence was presented, and after such hearing the trial court sustained the petition and entered the order from which the appeal was taken herein. The trial court has a very large discretion in matters of this kind, and, where a new trial is granted, this court will not interfere with the

ruling of the trial court except in cases of clear abuse of such discretion. Farmers Exchange Bank v. Trester, 145 Iowa 665, 124 N. W. 793; Clarke v. Smith, 195 Iowa 1299, 192 N. W. 136; Newlove v. Stern, 196 Iowa 1111, 196 N. W. 51; Heater v. Bagan, 206 Iowa 1301, 221 N. W. 932. Moreover, under section 12794, the pleadings, issues, and form and manner of trial are governed by the same rules and conducted in the same manner and with the same right of appeal as in ordinary actions. There being evidence before the trial court from which it could find that there was unavoidable casualty or misfortune which prevented plaintiff from prosecuting his action, and the matter being tried by ordinary proceedings and not as an equitable action, we are bound by the findings made by the trial court, even if we were disposed to differ therefrom. Kelly v. Cummens, 143 Iowa 148, 121 N. W. 540, 20 Ann. Cas. 1283; Dobberstein v. Emmet County, 176 Iowa 96, 155 N. W. 815. We may say, however, that we think the facts presented to the trial court fully justify the action taken by it.

We find no error in the action of the trial court, and the order appealed from is therefore affirmed.—Affirmed.

CLAUSSEN, C. J., and EVANS, STEVENS, ALBERT, MITCHELL, and KINTZINGER, JJ., concur.