HARRY HANSEN et al., Appellants, v. McCOY & McCOY et al., Appellees.

No. 43188.

MARCH 17, 1936.

Harry Hansen, and Thomas J. Bray, for appellants.

H. F. Wagner, and Devitt, Eichhorn & Devitt, for appellees.

STIGER, J.—The plaintiffs, appellants, filed their petition at

law against the defendants in the Mahaska county district court, in September, 1933, for the October term of said court.

While motions of defendants to strike were pending, and after the case had been on the calendar of said court four successive terms, the trial court on November 30, 1934, being the last day of the October, 1934, term of the said district court, made the following judgment entry:

"Now on this day this cause came on for hearing and said cause is hereby dismissed for want of prosecution and it is ordered by the court that the defendants, McCoy & McCoy et al., recover from the plaintiffs, Harry Hansen and Glen Hansen, the costs of this action, taxed at $———. To all of which the plaintiffs except."

At the time the judgment was rendered, Rule 6 of the Rules of Practice of the Sixth Judicial District, was in full force and effect having been duly adopted by the judges of the district in 1931, and were filed and entered of record in the records of the court, and published in the bar dockets of the county and district.

Said rule reads as follows : Rule 6. "It is ordered that all cases which have been on the calendar for four successive terms shall be dismissed for want of prosecution at the next term thereafter, unless for good cause shown." Such a rule is more or less common in the district courts of this state and has the sanction of this court. O'Mara v. Ry. Co., 156 Iowa 701, 137 N. W. 942.

At the time the judgment was entered, this case had been on the calendar of the Mahaska county district court for four successive terms and was dismissed on the next to the last day of the fifth term from the time of the filing of the case.

Appellants appeal from the judgment dismissing their suit for want of prosecution and allege the following errors for reversal:

(A) The case was not at issue.

(B) The case had not been assigned for trial and could not be assigned for trial under the state of the pleadings.

(C) The trial court abused its discretion in dismissing the plaintiffs' petition.

Appellants also contend that neither they nor their counsel were present at the hearing, and that no notice was given them

or their counsel that appellees had or would request or move the court to dismiss the suit.

The record discloses no notice on appellants of the hearing, and appellees do not claim that there was notice.

We are not favored in the record with any construction that may have been given Rule 6 by the court or bar in their practice.

With regard to appellants' first three assignments of error, (A), (B), and (C), we state that Rule 6 contains no exception or qualification of the requirement that cases which have been on the calendar for four consecutive terms shall be dismissed for want of prosecution at the next term thereafter, except the proviso, "Unless for good cause shown."

The appellants have appealed to this court because of alleged error on the part of the trial court without first having given the trial court an opportunity to correct such errors.

The appellees have filed a motion to dismiss the appeal which reads as follows:

"Come now the appellees, McCoy & McCoy, John N. McCoy and Hugh B. McCoy, and move the court to dismiss this appeal, for the reason that appellants, under section 12827, of the Code of 1935, are not entitled to maintain this appeal and are not entitled to a reversal in this case, because the error complained of could have been corrected on motion in the District Court and no such motion for correction of the alleged error was there made; and for the further reasons urged in the appellees' brief and argument now on file in this case, which is hereby referred to and made part hereof. That for the said reasons the appellants have no right to prosecute this appeal."

In support of said motion, the appellees have referred us to certain code sections.

"12827. Motion to correct error. A judgment or order shall not be reversed for an error which can be corrected on motion in an inferior court, until such motion has been there made and overruled."

"12787. Judgment vacated or modified—grounds. Where a final judgment or order has been rendered or made, the district court, * * * may, after the term at which the same was rendered or made, vacate or modify the same: * * *

"2. For fraud practiced in obtaining the same. * * *

"5. · For unavoidable casualty or misfortune preventing the party from prosecuting or defending."

"12791. · Motion to correct mistake or irregularity. Proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining judgment or order, shall be by motion served on the adverse party or his attorney, and within one year; if made to vacate a judgment or order because of irregularity in obtaining it, such motion must be made on or before the second day of the succeeding term."

An appellate court will not pass on an assignment of error upon which the trial court has not had an opportunity to rule. The trial court cannot be said to have committed an error when its judgment has not been called into exercise. Pigman v. Denney, 12 Iowa 396; Wile v. Wright, 32 Iowa 451; Smith v. Warren County, 49 Iowa 336; Coakley v. McCarty, 34 Iowa 105; Webster v. Ry. Co., 27 Iowa 315; Garvin v. Cannon, 53 Iowa 716, 6 N. W. 122; Shuck v. Ry. Co., 73 Iowa 333, 35 N. W. 429; Belknap v. Belknap, 154 Iowa 213, 134 N. W. 734; Baff v. Waller & Waller, 181 Iowa 1072, 165 N. W. 308; Sullivan v. Paul, 202 N. W..77; Gelston v. Hoyt, 13 Johns. (N. Y.) 561.

The rule is not changed by the mere fact that an exception is granted. Riley v. Bell, 120 Iowa 618, 95 N. W. 170; Dunshee v. Standard Oil Co., 165 Iowa 625, 146 N. W. 830.

It is the general rule that a judgment may be vacated only by the court by which it is rendered. 15 Encyc. of Pl. & Pr. 229.

In Sullivan v. Paul, supra, there was an order dropping the cause from the calendar. The court states:

"The order will not be reviewed here while an application is pending in the lower court to set it aside, upon which full relief can be granted. The appeal is dismissed."

. · In Pigman v. Denney, supra, the original notice had not been served a sufficient length of time to authorize a judgment by default. The defendant appealed from default judgment. The court states:

"We are referred, however, to section 3545 [now section 12827] which provides that: 'A judgment or order shall not be reversed for an error which can be corrected on motion in the inferior court, until such motion has been made there and overruled,' and counsel insist that until an effort is made to correct

this erroneous judgment, by motion, in the District Court, the judgment should not be disturbed. And this position, we think, is correct.''

In Baff v. Waller & Waller, supra, at page 1072, the court held that the appellate court will not review the merits of an application to set aside the dismissal of an action when said application had never been legally presented to the proper district court. The court said:

''The application has not yet been passed upon by the district court upon the merits, we cannot pass thereon at this time.''

In Vogt v. Ry. Co., 164 Iowa 158, 145 N. W. 463, the court states:

''The right of this court in considering appeals in actions at law is to pass upon the questions of error only; and it has been held under the statute in many cases, and never to the contrary, that it will not consider as allegations of error matters upon which the trial court had not first had the opportunity to rule.''

The judgment of the trial court was a verity until vacated. Bossenberger v. Bossenberger, 210 Iowa 825, 229 N. W. 833; Belknap v. Belknap, supra.

Chapter 552 of the Code gave the appellants a special procedure to vacate the judgment. They should have availed themselves of this procedure.

That a petition to vacate was an available remedy for appellants, see, Seth Seiders, Inc., v. Adel Clay Products Co., 218 Iowa 612, 255 N. W. 656.

The appellants in their argument contend that under the practice in the operation of Rule 6, in the district court of Mahaska county, the trial judges have made an assignment of all old cases and thereby opportunity is offered to all interested parties to prevent a dismissal of the case if there is any objection to such dismissal and state that this case was never assigned for trial.

The appellants further contend that while the motions to strike were pending and before ruling thereon, the trial court was not advised of the state of the pleadings; that the appellees, in the absence of appellants or their counsel, prevailed upon the trial judge to dismiss the petition for want of prosecution; that

the fact of the dismissal was not discovered by the appellants and their counsel until December 24, 1934; that if counsel for appellants had been notified that the defendants were asking the court to dismiss the case, they would have been present and called the attention of the court to the state of the pleadings, and that the court would not then, of course, have dismissed for want of prosecution.

These fact contentions of the appellants are contained only in their argument and are not supported by the record. We are giving them, however, full consideration. The answer to all of appellants' contentions above stated is that they failed to, in any manner, present their grievance to the trial court. The appellants earnestly contend that the remedy of vacation of the judgment by motion under section 12791, was not available to them because they did not know of the judgment order in time to comply with the section, this situation being caused by the failure of appellees to advise them of the hearing, and that appellees should not have advantage from their own wrong.

Assuming, without deciding, that appellants were entitled to notice to appear and show ''good cause'' why their case should not be dismissed under Rule 6, and that the rule itself was not sufficient notice, appellants still had their remedy by petition under section 12787—either on the ground of constructive fraud or unavoidable misfortune. The appellants attempt to excuse their failure to proceed to vacate the judgment under section 12787, on the ground that the defendant Esther Heitsman was out of the jurisdiction of the court. This fact did not prevent the appellants from filing their petition as required by the statute, and proper notice under the circumstances could have been given. The defendants McCoy & McCoy were not out of the jurisdiction. Appellants contend that the trial court would have vacated the judgment order if he had had power to do so. The appellants failed to give the court this power, under chapter 552 of the code. We are inclined to agree with counsel that the trial court would have vacated the judgment if the appellants had given him an opportunity to do so.

In support of the appellants' contention that the judgment entry of dismissal was a final judgment and therefore appealable, he cites: McCrary v. Lake City Electric Light Co., 139 Iowa 548, 117 N. W. 964; O'Mara v. Ry. Co., supra; Barber Asphalt Paving Co. v. Ins. Co., 157 Iowa 90, 137 N. W. 1029.

In each of these cases, however, the plaintiff first moved the lower court to set aside the judgment of nonsuit or dismissal, and the appeal in each case was from the overruling of the motion.

The appellants failed to give the lower court an opportunity to correct the errors complained of. Such errors cannot be raised in the appellate court for the first time.

Appellees' motion to dismiss the appeal is sustained.—Appeal dismissed.

DONEGAN, C. J., and all Judges concur, except HAMILTON, J., who takes no part.