LEWIS M. GORHAM, Appellant, v. ALEX RICHARD, Appellee.

No. 43805.

■■■■■

■■■■■

■■■■■

■■■■■

APRIL 6, 1937.

■■■■■

O. B. Clark and Bryson & Bryson, for appellant.

Cohen, Stewart & Oransky, E. H. Lundy and D. W. Dickinson, for appellee.

STIGER, J.—Highway No. 65 runs north through Iowa Falls, and when about two and one-half miles north of this city, curves in an easterly direction, this curve being about 1,500 feet long. On June 11, 1935, plaintiff was driving his Studebaker car north from Iowa Falls on said highway and proceeded into said curve traveling east on his way to Waterloo. About the same time the

defendant was driving his Chevrolet automobile west on highway 65 and entered said curve from the east. The two automobiles collided a short distance east of the center of the curve on the south side of the highway near the south side of the pavement.

Plaintiff brought this action against the defendant for damages to his automobile and for personal injuries and alleged in his petition that the defendant, in approaching plaintiff upon said highway, carelessly and negligently drove his Chevrolet car to the south side of the highway directly into the path where plaintiff was lawfully driving and into the car of the plaintiff without good reason or excuse. Plaintiff also alleged defendant violated Code section 5029, which prescribes a speed standard, and failed to have his car under control and reduce his speed when approaching and traversing the curve.

Defendant filed a general denial. The jury returned a verdict for defendant and plaintiff appealed.

The plaintiff claims that when he entered the curve from the south, he was traveling about 50 miles per hour and the left side of his car was over the center line of the pavement two or three feet; that he first saw defendant's car when it was about 500 feet east of him and that at that time it was traveling about 50 miles per hour and was south of the black line a short distance; that defendant continued to travel west on said curve and turned clear into defendant's lane on the south side of the pavement at which time plaintiff applied his brakes to give defendant an opportunity to return to the north side of the pavement; that just before plaintiff set his brakes he—plaintiff—was partially on the north and partially on the south side of the highway and when he set his brakes he was almost back on his right side of the highway, his left wheels being just north of the black line. He testified that: "I was in the act of getting back across. I estimated that they would get back and everything would be O. K." Plaintiff further testified that when he applied his brakes, defendant turned sharply to the right, and then back to the left straight toward the shoulder on the south side of the highway; that when he saw defendant turn to the left he applied his brakes harder and drove for the ditch on the south side of the highway, the cars colliding on the south edge of the pavement.

Defendant claims that plaintiff was driving his automobile on the north and left side of the highway from the time he entered the curve until he was less than 100 feet from the place of

the collision, when he suddenly turned sharply to the right; that the defendant, being confused by plaintiff's wrongful position on the highway, drove his car in the center of the highway so that he would be in a better position to avoid plaintiff's car and made two or three zig-zagging, quick turns with his car as they approached each other on the highway. On defendant's theory of the case, about the same time plaintiff decided to turn to the right and south side of the highway, defendant thought he could avoid plaintiff by turning to the left and south side of the highway, both cars apparently being turned to the south side of the paving about the same time, meeting on the south edge of the pavement.

■■■ I. The plaintiff's first assignment of error is that:

"The court erred in failing to instruct the jury as to all the duties of the defendant as fixed by law in his use of the highway, and in withdrawing from the consideration of the jury defendant's failure to reduce the speed of his automobile upon entering a curve and to have the same under control; that instructions 3, 5 and 6 failed to cover said grounds of negligence."

At the close of plaintiff's evidence, the defendant moved to withdraw certain questions from the jury. At the close of this discussion the following colloquy took place between the court and counsel:

"The Court: Well, when we simmer it all down, Mr. Clark, it just is a question, isn't it, of which one was on the wrong side of the road?

"Mr. Clark: I would think so. I would have no objection to the court withdrawing from the jury the question of excessive speed.

"The Court: I think the only question to be submitted to the jury is the question of which one was on the wrong side of the road.

"Mr. Clark: I think that's right.

"The Court: Very well then, we don't need to waste any time on that. That will be the understanding Mr. Lundy, that that will be the only question raised.

"Mr. Lundy: I thought it would probably get down to that finally."

Manifestly the parties agreed in open court that the only

ground of negligence on the part of the defendant to be submitted to the jury was his alleged failure to yield one-half of the traveled portion of the highway. Obviously relying on this understanding between counsel and the court, the court gave correct instructions, numbers 3, 5 and 6, on the statutory duty of the defendant to yield one-half of the traveled portion of the highway (Code section 5020) and legal excuse for failing to comply with the statute.

Under the above record there is clearly no merit to plaintiff's first assignment of error.

■■■ II. The second error relied on by plaintiff for reversal is as follows: "That the court erred in giving to the jury that portion of Instruction Number 6, which reads as follows: 'Some suggestion is made in the course of defendant's evidence that in approaching plaintiff's car and immediately before the accident, he saw plaintiff on the north and west side of the pavement which caused him to become bewildered and uncertain as to what the plaintiff would do when the two cars would meet,' said instruction being unsupported by the evidence, unwarranted, prejudicial, assuming a state of fact which did not exist, and drawing for the jury a conclusion unsupported by the evidence, and that said instruction is not only unsupported by any evidence but that the same is prejudicial because said portion of the instruction Number 6 is contradictory to and in conflict *with the balance of Instruction Number 6, and with the other Instructions given in the case.*"

The plaintiff has set out in his brief and argument only the first sentence of instruction No. 6. In the balance of the instruction the trial court correctly instructed the jury on the care required of a person confronted by an emergency not of his own making and the effect of such an emergency as a legal excuse for failure to comply with the statutory duty to yield one-half of the traveled portion of the highway.

None of the above objections to instruction No. 6 were made in the court below. The objection to the instruction urged in the motion for a new trial was as follows:

"The court erred in giving instruction Number 6 for the reason that it fails to inform the jury that from all the evidence it is shown that defendant was driving from one side to the other of the highway prior to the collision and that said act in itself

would be negligence and carelessness, and that if defendant did so operate his car, that was not the ordinary, prudent and cautious manner under which the ordinary person would operate his automobile under like circumstances.''

On this appeal, plaintiff abandoned the objection to the instruction made to the trial court and makes here a new and entirely different attack on the instruction.

This court will not pass on an assignment of error upon which the trial court has not had an opportunity to rule. Hansen v. McCoy, 221 Iowa 523, 266 N. W. 1. However, we have read the record and find the evidence justified the giving of instruction No. 6, which advised the jury of defendant's theory of the case.

■■■ The appellant's further contention that instruction No. 6 is in *conflict with and contradictory to the balance of No. 6 and to the other instructions given in the case* entirely disregards Rule 30 and is fatally indefinite. An assignment of error must not only specifically point out the matter complained of but must also definitely and concisely state the reason or basis of the complaint. Rawleigh Medical Co. v. Bane, 218 Iowa 154, 254 N. W. 18.

III.  Another error relied on for reversal is:

''The court erred in overruling plaintiff's motion for a new trial because the verdict was (a) contrary to the admitted facts of the case, (b) not sustained or warranted by the evidence, (c) that said verdict was influenced by an erroneous instruction of the court which was without support in the evidence, and was prejudicial.''

Plaintiff's contention that the verdict was (a) contrary to the admitted facts of the case and (b) not sustained or warranted by the evidence is not supported by the record. There was a sharp conflict in the testimony and the court properly submitted the case to the jury.

Plaintiff's claim that the verdict was influenced by an erroneous instruction which was without support in the evidence and prejudicial, apparently refers to the first part of instruction No. 6. We find no error in this instruction.

Finding no error, it follows that the case must be and is affirmed.—Affirmed.

RICHARDS, C. J., and ANDERSON, PARSONS, DONEGAN, and KINTZINGER, JJ., concur.

HAMILTON, J., concurs in result.